WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Defendants
111 Broadway, Suite 401
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)

**ECF CASE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SUBHAN KHAN,

                      Plaintiff,

        -against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

                Defendants.

08 Civ. 07093 (RJH)

**CERTIFICATION**
**OF COUNSEL**

        This action was removed from the Supreme Court of the State of New York, County of

New York, on August 8, 2008. Pursuant to Local Rule 81.1, the undersigned certifies that the

attached are copies of all records and proceedings in this removed action in the state court as of

August 28, 2008:

1. Exhibit A-    Application for Index Number

2. Exhibit B-    Summons and Verified Complaint

3. Exhibit C-    Affidavit of Service on Douglas Machine & Tool Co.

4. Exhibit D-    Affidavit of Service on TurboCombustor Technology, Inc.

5. Exhibit E-    Notice of Filing of Notice of Removal

6. Exhibit F-    Notice of Removal to Federal Court

Dated:  New York, New York
          September 3, 2008

                                 **Waesche, Sheinbaum & O'Regan, P.C.**
                                 Attorneys for the Defendants

                                 By: _____

                                        John R. Foster
                                 Attorney ID: JF3635
                                 111 Broadway, Suite 401
                                 New York, NY 10006
                                 (212) 227-3550

# EXHIBIT A

46-3004R-100M92

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $210.00



INDEX NUMBER

*Do not write in this space*

Space below to be TYPED or PRINTED by applicant

## TITLE OF ACTION OR PROCEEDING

Subhan Khan,
                    Plaintiff

-against-

Douglas Machine & Tool Company, Inc
and Turbocombustion
Technology, Inc.,
                    Defendants

08109280

### CHECK ONE

| | |
|---|---|
| ☐ COMMERCIAL ACTION | ☐ NOT COMMERCIAL ACTION |
| ☐ CONSUMER CREDIT TRANSACTION | ☐ NOT CONSUMER CREDIT TRANSACTION |
| ☐ THIRD PARTY ACTION | ☐ NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION MAIN INDEX NO.** _____

**Name and address of Attorney for Plaintiff or Petitioner. Telephone No.** Vail & Schneider, 275 Madison Ave 11th Floor, NY NY 10016  212/697-0807

**Name and address of Attorney for Defendant or Respondent. Telephone No.**

A. **Nature and object of action or** Breach of Contract
   **Nature of special proceeding** _____

B. **Application for Index Number filed by:** Plaintiff ☑   Defendant ☐

C. **Was a previous Third Party Action filed** Yes ☐  No ☑
   **Date filed** _____

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X  Index No. _____

SUBHAN KHAN,                                                         Date Filed _____  081093286

                              Plaintiff,                                  SUMMONS

          - against -                                               Plaintiff designates
                                                                              NEW YORK COUNTY
DOUGLAS MACHINE & TOOL COMPANY, INC.                                    as the Place of Trial
and TURBOCOMBUSTOR TECHNOLOGY, INC.,                                 The basis of the venue
                                                                    designated is:
                              Defendants.                                     Stipulation as to venue.
------------------------------------------------------------------X


TO THE ABOVE NAMED DEFENDANTS:


          YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer on the Plaintiff's attorneys within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this Summons is
not personally delivered to you within the State of New York).

          In case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.


Plaintiff resides at: 4339 MacKenzie Court, Mason, OH 45040.


Dated: June 24, 2008                                     VAIL & SCHNEIDER, P.C.
                                                         Attorneys for Plaintiff
                                                         275 Madison Avenue - Suite 1100
                                                         New York, NY 10016
                                                         (212) 697-0808

Defendant Douglas Machine & Tool Company, Inc. Address:
          10400 Evendale Drive
          Cincinnati, OH 45241

Defendant Turbocombustor Technology, Inc. Address:
          10400 Evendale Drive
          Cincinnati, OH 45241



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x

SUBHAN KHAN,

Plaintiff,

-against-

DOUGLAS MACHINE & TOOL COMPANY, INC
and TURBOCOMBUSTOR TECHNOLOGY, INC.

Defendants.

----------------------------------------------------------------x

Index No.:

Date Filed:

VERIFIED COMPLAINT

08109280

Plaintiff, SUBHAN KHAN, by his attorneys Vail & Schneider, P.C., as and for his

verified complaint against Defendants, DOUGLAS MACHINE & TOOL COMPANY, INC.

(sometimes hereinafter severally referred to as "Douglas") and TURBOCOMBUSTOR

TECHNOLOGY, INC. (sometimes hereinafter severally referred to as " TCT"), respectfully

alleges as follows:

1.  Plaintiff is an individual residing at 4339 MacKenzie Court, Mason, Ohio.

2.  Upon information and belief. Douglas is and at all times material hereto was a

corporation organized and existing under the laws of the State of Delaware having a place of

business at 10400 Evendale Drive, Cincinnati, Ohio.

3.  Upon information and belief, TCT is and at all times material hereto was a corporation

organized and existing under the laws of the State of Delaware having a place of business at

10400 Evendale Drive, Cincinnati, Ohio.

4.  Jurisdiction of this Court with respect to the matters referred to herein is based upon

the provisions of a document entitled "6-1/2% Senior Convertible Debenture" (hereinafter, the

"Debenture", a copy of which is annexed hereto as Exhibit A), which constitutes the subject of

this action and which expressly provides, at Section 9 thereof:

> "(d) Law and Jurisdiction. This Debenture shall be governed by and construed in
> accordance with the internal laws of the State of New York, without giving effect to
> principles of conflicts of laws. Any dispute under this Debenture that is not settled by
> mutual consent shall be finally adjudicated by any federal or state court sitting in the City,
> County and State of New York, and the Company consents to the exclusive jurisdiction of
> such courts (or any appellate court therefrom) over any such dispute."

5. In January 2008, Plaintiff commenced an action against the Defendants herein in the

Court of Common Pleas, Hamilton County, Ohio, seeking the same relief as is sought herein.

Defendants moved to dismiss such action, upon the grounds that the above cited provision of the

Debenture provided for determination of such matters only in New York, expressly stating in its

attorney's "Memorandum in Support" of such motion:

> "Defendants hereby: consent to the jurisdiction of any federal or state Court located in the
> City, County and State of New York; Defendants waive any objections to the claims at
> issue being asserted in the foregoing forum; and Defendants agree that January 16, 2008
> is the date that will be used should this case be recommenced in the proper forum for
> purposes of the application of the statute of limitations."

The said Ohio Court granted Defendants' motion to the extent of staying the Ohio action

"pending refiling of this case in any federal or state court which is located in the City, County

and State of New York"; (a copy of the Decision of said Court is annexed hereto marked Exhibit

B).

6. On or about January 1, 2006, Plaintiff loaned and advanced to Douglas sums

aggregating $833,333 upon the terms and conditions reflected in the above referred to Debenture.

7. The terms of the Debenture include the obligation of Douglas to pay interest upon the

principal amount outstanding from time to time at the rate of 6.5% per annum commencing June

2

30. 2006 and continuing in semi-annual installments thereafter until December 31, 2011, at which time the entire principal and all theretofore accrued and unpaid interest becomes payable. The Debenture further provides that in the event of default: (a) the rate of interest would be increased to 9.5% per annum; (b) the holder of the Debenture may accelerate the date of payment of the principal and all accrued interest thereon; and (c) the holder of the Debenture would also be entitled to recover "its reasonable costs of collection of all amounts due hereunder, including reasonable attorneys' fees."

8. Douglas failed and refused to pay the installment of accrued interest which became due and payable on June 30, 2006 and has wholly failed and refused to pay any installment of interest then and/or thereafter accruing or any other amount due upon the Debenture.

9. On or about June 17, 2007, Plaintiff served Notice upon Douglas (the "Default Notice", a copy of which is annexed hereto as Exhibit C) confirming Douglas' said default and of Plaintiff's election pursuant to the terms of the Debenture to accelerate the outstanding balance and to exercise additional rights and remedies provided thereby.

10. Notwithstanding such Default Notice and repeated demands by Plaintiff for payment thereafter, Douglas has wholly failed and refused to pay any portion of the amounts due and payable to Plaintiff pursuant to said Debenture.

11. Upon information and belief, on or about August 29, 2007, without notice to or the consent of Plaintiff, Douglas merged with TCT.

12. Upon information and belief, TCT has, as a result of such merger and pursuant to the terms of the documents governing such transaction, succeeded to all of the assets and operations

3

of Douglas and to all of its obligations and expressly assumed such obligations, including the obligations of Douglas pursuant to the Debenture.

13. Notwithstanding Plaintiff's repeated demands for payment, Defendants have wholly failed to pay any portion of the principal of or the interest accrued upon the Debenture and are in breach of the express terms and conditions thereof.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of $833,333 plus interest upon such amount at the rate of 6.5% per annum from January 1, 2006 to June 30, 2006 and at the rate of 9.5% per annum in all subsequent periods, together with Plaintiff's reasonable collection costs (including attorneys' fees) and the costs and disbursements of this proceeding and such other and further relief as the Court may determine to be appropriate and just.

Dated: New York, New York
       June 24, 2008

_____
JEFFREY T. VAIL
VAIL & SCHNEIDER, PC
Attorneys for Plaintiff
275 Madison Avenue - Suite 1100
New York, NY 10016
(212) 697-0808

4

## ATTORNEY VERIFICATION

STATE OF NEW YORK          )
                                              ) ss.:
COUNTY OF NEW YORK  )

JEFFREY T. VAIL, an attorney duly admitted to practice before the courts of the State of New York, states that I am a member of the law firm of VAIL & SCHNEIDER. P.C.. attorneys for the Plaintiff SUBHAN KHAN in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by said Plaintiff is because said Plaintiff does not maintain a residence or place of business in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are information provided to me by said Plaintiff SUBHAN KHAN.

I affirm the foregoing statements are true, under the penalty of perjury.

Subscribed and Affirmed:
This 24th day of June 2008.

_____
JEFFREY T. VAIL

THE DEBENTURE EVIDENCED BY THIS CERTIFICATE AND THE SHARES ISSUABLE UPON CONVERSION HEREOF HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 (THE "ACT") AND APPLICABLE STATE SECURITIES LAWS ("STATE LAWS"), HAS BEEN ACQUIRED FOR INVESTMENT AND MAY NOT BE SOLD, ASSIGNED, TRANSFERRED, PLEDGED OR HYPOTHECATED EXCEPT PURSUANT TO (i) AN EFFECTIVE REGISTRATION STATEMENT REGISTERING THE DEBENTURE UNDER THE ACT AND APPLICABLE STATE LAWS OR (ii) A TRANSACTION PERMITTED BY RULE 144 OR RULE 145 UNDER THE ACT OR EQUIVALENT STATE LAWS FOR WHICH THE ISSUER HAS RECEIVED REASONABLY SATISFACTORY EVIDENCE OF COMPLIANCE WITH THE PROVISIONS OF SUCH APPLICABLE RULE (iii) AN OPINION OF COUNSEL SATISFACTORY TO ISSUER THAT THE DEBENTURE IS EXEMPT FROM THE REGISTRATION PROVISIONS OF THE ACT AND STATE LAWS OR (iv) A NO-ACTION LETTER FROM THE STAFF OF THE SECURITIES AND EXCHANGE COMMISSION AND THE APPLICABLE STATE SECURITIES AUTHORITY THAT REGISTRATION OF THIS DEBENTURE IS NOT REQUIRED UNDER THE ACT OR STATE LAWS.

## DOUGLAS MACHINE & TOOL COMPANY, INC.

### 6 ½ % SENIOR CONVERTIBLE DEBENTURE

US$833,333                                                                           January 1, 2006

FOR VALUE RECEIVED, DOUGLAS MACHINE & TOOL COMPANY, INC., a Delaware corporation (the "Company"), unconditionally promises to pay to the order of Subhan Khan (the "Holder"), having an address at 4339 MacKenzie Ct., Mason, Ohio 45040, at such address or at such other place as may be designated in writing by the Holder, or its permitted assigns, the aggregate principal sum of Eight Hundred Thirty-Three Thousand Three Hundred Thirty-Three United States Dollars ($833,333), together with interest from the date set forth above on the unpaid principal balance of this 6 ½ % Senior Subordinated Convertible Debenture (the "Debenture") outstanding at a rate equal to six-and-one-half percent (6 ½ %) (computed on the basis of the actual number of days elapsed in a 360-day year) per annum and continuing on the outstanding principal until this Debenture is either (A) converted into Common Stock as provided herein, or (B) indefeasibly and irrevocably paid in full by the Company.

1. **Payments of Principal and Interest.** Interest on this Debenture is payable semi-annually on the last day of June and December of each year (each, an "Interest Payment Date"), commencing on June, 2006, to the Holder of record on the immediately preceding June 15, or December 15, as applicable. Subject to the other provisions of this Debenture, the principal of this Debenture and all accrued and unpaid interest hereon will mature and become due and payable on December 31, 2011(the "Stated Maturity Date"). Except as provided herein, all payments of principal and interest by the Company under this Debenture will be made in United States dollars in immediately available funds to an account specified by the Holder.

2. **Company Debentures.** This Debenture is one of a series of Debentures (the "Company Debentures") of like tenor in an aggregate principal amount of Fifteen Million Two Hundred Eight Thousand Three Hundred Thirty-Three dollars ($15,208,333) issued by the Company.

3. **Conversion Right.**

(a) From and after the date hereof until the Stated Maturity Date, the Holder has the right, in its sole discretion, to convert all or any portion of the outstanding principal amount then-outstanding hereunder (the "Conversion Right"), into such number of shares of Common Stock of the issuer, as shall be obtained by dividing the sum of the outstanding principal amount by $100, subject to adjustment as provided below in Section 4 (the "Conversion Price").

(b) The Holder shall be entitled to exercise the Conversion Right from time to time as to the unconverted portion of this Debenture upon at least 10 days' prior written notice to the Company. Within 10 days of the conversion date specified in such notice, the Company shall issue appropriate stock certificates to Holder representing the aggregate number of shares of Common Stock due to Holder as a result of such conversion.

**4. Anti-dilution and Other Rights of Holders.**

(a) <u>Below Market Issuances; Stock Splits; Dividends</u>. If at any time while there is any outstanding principal amount then-outstanding hereunder the Company shall:

(i) issue or sell any shares of Common Stock at a price below the then-current Fair Market Value per share (as defined below), the Conversion Price in effect immediately prior to each such issuance shall forthwith (except as otherwise provided in this Section 4) be adjusted to a price equal to a price determined by multiplying such Conversion Price by a fraction, the numerator of which shall be the sum of (w) the number of shares of Common Stock deemed outstanding (as defined below) immediately prior to such issuance, and (x) the number of shares of Common Stock that the aggregate consideration received by the Company for such issuance would purchase at such Conversion Price; and the denominator of which shall be the sum of (y) the number of shares of Common Stock deemed outstanding (as defined below) immediately prior to such issuance and (z) the number of additional shares of such Common Stock so issued or sold; for purposes hereof, "Common Stock deemed outstanding" as of a given date shall be the sum of (A) the number of shares of Common Stock actually outstanding, (B) the number of shares of Common Stock into which the then outstanding shares of preferred stock could be converted if fully converted on the day immediately preceding the given date, and (C) the number of shares of Common Stock which could be obtained through the exercise or conversion of all other rights, options and convertible securities outstanding on the day immediately preceding the give date. For purposes hereof, "Fair Market Value" shall mean (x) the closing price on the business day prior to such determination on the principal national securities exchange on which the Common Stock is traded, if any, (y) the last quoted price on the business day prior to such determination if the Common Stock is traded on the Nasdaq National Market or Nasdaq SmallCap Market, or (z) if the Common Stock is not listed on a national securities exchange or traded on the Nasdaq National Market or the Nasdaq SmallCap Market, then as determined in good faith by the Company's Board of Directors and reasonably agreed to by Holder; *provided, however*, that the Company may issue, without triggering the foregoing provisions of this paragraph (A) shares of Common Stock upon conversion of any preferred stock; (B) shares of Common Stock and/or options pursuant to the Company's stock option plan, warrants or other Common Stock purchase rights, and the Common Stock issued pursuant to such options, warrants or other rights (as adjusted for any stock dividends, combinations, splits, recapitalizations and the like) after the date hereof to employees, officers or directors of, or consultants or advisors to the Company or any subsidiary pursuant to stock purchase or stock options plans or other arrangements that are approved by the Company's Board of Directors and stockholders; (C) shares of Common Stock pursuant to the exercise of options, warrants or convertible securities outstanding as of the date hereof; (D) shares of Common Stock and/or options, warrants or other Common Stock purchase rights, and the Common Stock issued pursuant to such options, warrants or other rights issued for consideration other than cash pursuant to a merger, consolidation, acquisition or similar business combination approved by the Company's Board of Directors; and (E) shares of Common Stock pursuant to any equipment leasing arrangement, or debt financing from a bank or similar financial institution approved by the Company's Board of Directors so long as such issuance is ancillary to and not the principal portion of such transaction;

(ii) fix a record date for the effectuation of a split or subdivision of the outstanding shares of Common Stock or the determination of holders of Common Stock entitled to receive a dividend or other distribution payable in additional shares of Common Stock or other securities or property or rights convertible into, or entitling the holder thereof to receive directly or indirectly, any of the foregoing (hereinafter referred to as "Common Stock Equivalents") without payment of any consideration by such holder for the additional shares of Common Stock or the Common Stock Equivalents (including the additional shares of Common Stock or other securities or property issuable upon conversion or exercise thereof) or with payment that is less than the lower of (x) the then-Fair Market Value of the Common Stock (including, in the case of Common Stock Equivalents, on an as-converted basis) and (y) the Conversion Price then in effect, then and in each case, the Conversion Right shall be for, in addition to the number of shares of the Common Stock otherwise deliverable upon exercise of the Conversion Right, and without adjustment to the Conversion Price, the amount of such additional shares of Common Stock and any Common Stock Equivalents that the holder hereof would have received or become entitled to receive on the same terms and conditions as if such holder had been a holder of record of such Common Stock as shall have been deliverable immediately prior to such record date pursuant to the terms of this Section 4.

2

(b) <u>Decrease in Common Stock Outstanding</u>. If the number of shares of Common Stock outstanding at any time is decreased by a combination of the outstanding shares of Common Stock, then, following the record date of such combination, the Conversion Price shall be appropriately increased so that the number of shares of Common Stock issuable on conversion hereof shall be decreased in proportion to such decrease in outstanding shares.

(c) <u>Additional Rights</u>. The following provisions shall apply for purposes of this Section 4:

(i) the aggregate maximum number of shares of Common Stock or other amount of securities or property issuable or deliverable as the case may be, or delivered upon conversion or exercise of Common Stock Equivalents (assuming the satisfaction of any conditions to convertibility or exercisability, including, without limitation, the passage of time, but without taking into account potential antidilution adjustments) shall be deemed to have been issued or delivered at the time such Common Stock Equivalents were issued;

(ii) in the event of any change in the number of shares of Common Stock deliverable or in the consideration payable to the Company upon conversion or exercise of such Common Stock Equivalents including, but not limited to, a change resulting from the antidilution provisions thereof, the Conversion Price, to the extent in any way affected by or computed using such Common Stock Equivalents, shall be recomputed to reflect such change, but no further adjustment shall be made for the actual issuance of Common Stock or any payment of such consideration upon the exercise of any such options or rights or the conversion or exchange of such securities; and

(iii) upon the termination or expiration of the convertibility or exercisability of any such Common Stock Equivalents, the Conversion Price, to the extent in any way affected by or computed using such Common Stock Equivalents, shall be recomputed to reflect the issuance of only the number of shares of Common Stock (and Common Stock Equivalents which remain convertible or exercisable) actually issued upon the conversion or exercise of such Common Stock Equivalents.

(d) <u>No Impairment</u>. The Company will not, by amendment of its Certificate of Incorporation, any certificate of designations or bylaws, or through any reorganization, recapitalization, transfer of assets, consolidation, merger, dissolution, issue or sale of securities or any other voluntary action, avoid or seek to avoid the observance or performance of any of the terms to be observed or performed hereunder by the Company, but will at all times in good faith assist in the carrying out of all the provisions of this Section 4 and in the taking of all such action as may be necessary or appropriate in order to protect the rights of Holder against impairment, including having enough authorized shares to permit conversion in accordance with Section 4.

(e) <u>Notice of Adjustments</u>. Whenever the consideration issuable upon a conversion hereunder shall be changed pursuant to this Section 4, the Company shall prepare a certificate setting forth, in reasonable detail, the event requiring the change and the kind and amount of shares of stock and other securities, money and property subsequently issuable upon a conversion hereof. Such certificate shall be signed by Company's chief financial officer and shall be delivered to Holder.

(f) <u>Fractional Shares; Rounding</u>. No fractional shares of Common Stock will be issued in connection with any exercise hereunder, but in lieu of such fractional shares the Company shall make a cash payment therefor based on the applicable Conversion Price. All calculations under this Section 4 shall be made to the nearest cent or to the nearest one-hundredth of a share, as the case may be.

5. **Events of Default.** The occurrence of any of the following events shall constitute an event of default (an "Event of Default"):

(a) <u>Non-Payment of Principal</u>. A default in the payment of the principal amount of this Debenture, when and as the same shall become due and payable;

(b) <u>Non-Payment of Interest</u>. A default in the payment of any accrued and unpaid interest on this Debenture, when and as the same shall become due and payable;

3

(c) <u>Material Breach</u>. A material breach by the Company of its obligations under this Debenture, which breach remains uncured for a period of 30 days, after receipt of written notice thereof by Holder;

(d) <u>Judgments</u>. A final judgment or judgments for the payment of money in excess of $250,000 in the aggregate at any time are outstanding against Company (which judgments are not covered by insurance policies as to which liability has been accepted by the insurance carrier), and the same are not, within 60 days after the entry thereof, discharged or execution thereof stayed or bonded pending appeal, or such judgments are not discharged prior to the expiration of any such stay;

(e) <u>Insolvency</u>. The Company is unable to pay its debts as they become due;

(f) <u>Cessation of Business</u>. The Company ceases wholly or substantially to carry on its business for a period of more than 45 days, other than for the purpose of a reconstruction, without the prior written consent of the Holder (such consent not to be unreasonably withheld); or

(g) <u>Appointment of Receiver, etc</u>. The appointment of a liquidator, receiver, administrator, examiner, trustee or similar officer of the Company or over all or substantially all of its assets under the law and such condition continues for 45 days or more.

## 6. Remedies in the Event of Default.

(a) <u>Acceleration</u>. In the case of any Event of Default by the Company, the Holder may in its sole discretion demand that the aggregate amount of funds advanced to the Company under this Debenture and outstanding hereunder and accrued and unpaid interest thereon shall, in addition to all other rights and remedies of the Holder hereunder and under applicable law, be and become immediately due and payable upon written notice delivered by the Holder to the Company. Notwithstanding the preceding sentence, the rights of the Holder as set forth in Sections 4 and 5 hereunder shall survive any such acceleration and payment, as to the then outstanding balance due under this Debenture.

(b) <u>Waiver of Demand, Presentment, etc</u>. The Company hereby waives demand and presentment for payment, notice of nonpayment, protest and notice of protest, diligence, filing suit, and all other notice and promises to pay the Holder its reasonable costs of collection of all amounts due hereunder, including reasonable attorneys' fees.

(c) <u>Default Interest Rate</u>. In the case of any Event of Default under this Debenture by the Company, this Debenture shall continue to bear interest after such default at the interest rate otherwise in effect hereunder plus 3% *per annum* (but in any event not in excess of the maximum rate of interest permitted by applicable law).

## 7. Voting Rights.

This Debenture shall not entitle the Holder to any voting rights or other rights as a stockholder of the Company prior to its conversion.

## 8. Security.

The payment of this Debenture and all interest hereunder is secured by a Security Agreement of even date, the terms and provisions of which are incorporated herein by this reference.

## 9. Miscellaneous.

(a) <u>Binding Effect</u>. This Debenture and all of the provisions hereof shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. All or any part of this Debenture may be assigned or transferred by the Holder and its permitted assigns and transferees to their respective affiliates and subsidiaries, as well as any special purpose financing or similar vehicle established by the Holder. Other than as

4

set forth above, no party shall assign or transfer all or any part of this Debenture, or any interest therein, without the prior written consent of the other party.

(b) Notices. All notices, demands and requests of any kind to be delivered to any party in connection with this Debenture shall be in writing and shall be deemed to have been duly given if personally or hand delivered or if sent by an internationally-recognized overnight delivery courier or by registered or certified mail, return receipt requested and postage prepaid, or by facsimile transmission addressed as follows:

if to the Company:

Douglas Machine & Tool Company, Inc.
10400 Evendale Drive
Cincinnati, Ohio 45241
Attn.: Leslie B. Daniels
Facsimile: (212) 319-0232

if to Holder:

Subhan Khan
4339 MacKenzie Ct.
Mason, Ohio 45040
Facsimile: (513) 563-9695

or to such other address as the party to whom notice is to be given may have furnished to the other party hereto in writing in accordance with provisions of this Section 8. Any such notice or communication shall be deemed to have been effectively given (i) in the case of personal or hand delivery, on the date of such delivery, (ii) in the case of an internationally-recognized overnight delivery courier, on the second business day after the date when sent, (iii) in the case of mailing, on the fifth business day following that day on which the piece of mail containing such communication is posted and (iv) in the case of facsimile transmission, the date of telephone confirmation of receipt.

(c) Amendment. This Debenture may not be modified or amended, or any of the provisions hereof waived, except by written agreement of the Company and the Holder dated after the date hereof.

(d) Law and Jurisdiction. This Debenture shall be governed by and construed in accordance with the internal laws of the State of New York, without giving effect to principles of conflicts of laws. Any dispute under this Debenture that is not settled by mutual consent shall be finally adjudicated by any federal or state court sitting in the City, County and State of New York, and the Company consents to the exclusive jurisdiction of such courts (or any appellate court therefrom) over any such dispute.

(e) Facsimiles. This Debenture may be executed and delivered to the Holder by a facsimile transmission; such transmission shall be deemed a valid signature.

[Signature Page Follows]

The Company has executed and delivered this Debenture on the date first above written.

DOUGLAS MACHINE & TOOL COMPANY, INC.

By: _____

Name: _____DAVID H. ROWE_____

Title: _____President_____

«CL2:266130_v1»

6



**D78583362**

# ENTER

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

MAY 2 9 2008

*Dennis Helmick*

DENNIS S. HELMICK, Judge   5/29/08

SUBHAN KHAN,

               Plaintiff,

        vs

DOUGLAS MACHINE & TOOL
COMPANY, INC , et al ,

               Defendants.

Case No : A0800512

(Judge Dennis Helmick)

**ENTRY**

**ENTERED**
**MAY 2 9 2008**

COURT OF COMMON PLEAS
ENTER   5/29/08

*Dennis Helmick*

HON. DENNIS S HELMICK
THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

This matter came on for decision upon Defendants' Motion to Stay or, In the Alternative,

Dismiss Case for Improper Venue and the Court having considered the memoranda and oral

arguments of counsel and being fully advised in the premises, hereby

    ORDERS that Defendants' Motion be, and the same hereby is, GRANTED and this case is

stayed for sixty (60) days pending refiling of this case in any federal or state court which is located

in the City, County and State of New York.

                                    Honorable Dennis Helmick

*Richard T Lauer* /by emfalls
                  /authorized 5-29-08

Richard T Lauer
James M Kelly
ROBBINS, KELLY, PATTERSON & TUCKER
7 West Seventh Street, Suite 1400
Cincinnati, Ohio  45202

*Attorneys for Plaintiff*

*Mark S Kakun* /my name
                /                5-29-08

Mark Skakun (0023475)
Clay Keller (0072927)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
4518 Fulton Drive, N W
P O  Box 35548
Canton, Ohio  44735-5548

Richard M Goehler (0009160)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202-4182

*Attorneys for Defendants*

CINLibrary 0113390.0553186 1831609v1

# SUBHAN KHAN
# 4339 MacKenzie Court
# Mason, Ohio 45040

June 18, 2007

VIA OVERNIGHT MAIL &
FACIMILE (212) 319 - 0232

Douglas Machine & Tool Company, Inc.
Attn: Leslie B. Daniels
10400 Evendale Drive
Cincinnati, Ohio 45241

RE:    NOTICE OF DEBENTURE DEFAULT

Dear Mr. Daniels:

I hereby put Douglas Machine & Tool Company, Inc., a Delaware corporation (the "Company"), on notice that it is in default of the 6½% Senior Convertible Debenture, dated January 1, 2006, and issued to me,  in the principal amount of $833,333.00.

The basis of the default is that the Company has failed to pay interest that was due on July 1, 2006 and December 31, 2006 (paragraph 5(b)).   There may be additional defaults  of the Company of which I am currently unaware.  I reserve the right to provide the  Company with additional reasons for its default, if necessary.

As a result of the default, the Debenture is earning interest at the default interest rate of 9 ½% as of July 1, 2006.

I am notifying the Company that it is in default and that I am, under paragraph 6(a) of the Debenture, accelerating payment and declaring the entire principal  and all accrued and unpaid interest immediately due and payable.

The Debenture also provides that the Company is responsible  for  collection costs, including reasonable attorney fees, for which I  also make demand.


Sincerely,

Subhan Khan

Subhan Khan

cc:    David Kern, Esq.
        Buckingham Doolittle & Burroughs
        3800 Embassy Parkway
        Suite 300
        Akron, Ohio 44333
        VIA FACSIMILE (330) 258-6559

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. _____

============================================================

SUBHAN KHAN,

Plaintiff,

-against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

Defendants.

============================================================

## SUMMONS AND VERIFIED COMPLAINT

============================================================

Vail & Schneider, P.C.
Attorneys for Plaintiff
275 Madison Avenue, Suite 1100
New York, NY 10016
Telephone: 212-697-0808

============================================================

# EXHIBIT C

# AFFIDAVIT OF SERVICE

State of New York                    County of New York                    Supreme Court

Index Number: 08-109280
Date Filed: 7/7/2008                                    **UNITED LAWYERS**

*JUL 2 1 2008*
*COUNTY CLERK'S OFFICE*
*FILED*

Plaintiff:
**Subhan Khan**
vs.
Defendants:
**Douglas Machine & Tool Company, Inc., et al.,**

For: Jeffrey Vail
     Vail & Schneider, PC

Received by PROVEST LLC on the 8th day of July, 2008 at 12:12 pm to be served on Douglas Machine & Tool Company, Inc., 10400 Evendale Drive, Cincinnati, OH 45241. I, _Anthony Windel/z_ being duly sworn, depose and say that on the _9_ day of _July_, 200_8_ at _12/P_ .m., executed service by delivering a true copy of the Summons; Verified Complaint; Attorney's Verification; Exhibit A, B and C bearing index no. 08-109280 in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

(X) CORPORATE SERVICE: By serving _BOB KUFNER_ as _Director of Operations_.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS:
_____

Age _40_ Sex (M) F Race _Cau_ Height _5'9"_ Weight _165_ Hair _Brown_ Glasses (Y) N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _11_ day
of _July_ _2008_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

_Anthony Windel/z_
PROCESS SERVER # _____
Appointed in accordance
  with State Statutes

**PROVEST LLC**
644 Linn Street
Suite 700
Cincinnati, OH  45203
(513) 621-1017
Our Job Serial Number: 2008001602



**MARK W. LAWSON**
Notary Public, State of Ohio
Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2f
My Commission Expires
September 27, 2011

# EXHIBIT D

# AFFIDAVIT OF SERVICE

State of New York                    County of New York                    Supreme Court

Index Number: 08-109280
Date Filed: 7/7/2008

Plaintiff:
**Subhan Khan**
vs.
Defendants:
**Douglas Machine & Tool Company, Inc., et al.,**

For: Jeffrey Vail
    Vail & Schneider, PC

Received by PROVEST LLC on the 8th day of July, 2008 at 12:12 pm to be served on Turbocombustor **Technology, Inc., 10400 Evendale Drive, Cincinnati, OH 45241.** I, _ANTHONY WINDHOLTZ_ being duly sworn, depose and say that on the ___9___ day of ___JULY___, 20_08_ at _12 P_ .m., executed service by delivering a true copy of the **Summons; Verified Complaint; Attorney's Verification; Exhibit A, B and C bearing index no. 08-109280** in accordance with state statutes in the manner marked below:

( ) **PUBLIC AGENCY:** By serving _____ as _____ of the within-named agency.

( ) **SUBSTITUTE SERVICE:** By serving _____ as _____

(X) **CORPORATE SERVICE:** By serving _BOB KUFNER_ as _DIRECTOR OF OPERATIONS_

( ) **OTHER SERVICE:** As described in the Comments below by serving _____ as

( ) **NON SERVICE:** For the reason detailed in the Comments below.

**COMMENTS:**

Age _40_ Sex (M) F  Race _CAU_  Height _5'9"_  Weight _165_  Hair _BROWN_  Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ___11___ day
of ___July___, _2008_ by the affiant who is
personally known to me.

_Mark W. Jon_
NOTARY PUBLIC

MARK W. LAWSON
Notary Public, State of Ohio
My Commission Expires
September 27, 2009

_Anthony Windholtz_
PROCESS SERVER # _____
Appointed in accordance
  with State Statutes

**PROVEST LLC**
644 Linn Street
Suite 700
Cincinnati, OH  45203
(513) 621-1017
Our Job Serial Number: 2008001603

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2f

FILED
JUL 21 2008
NEW YORK
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 08-109280

========================================================================

SUBHAN KHAN,

Plaintiff,

-against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

Defendants.

========================================================================

AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT
ON DEFENDANT TURBOCOMBUSTOR TECHNOLOGY, INC.

========================================================================

Vail & Schneider, P.C.
Attorneys for Plaintiff
275 Madison Avenue, Suite 1100
New York, NY 10016
Telephone: 212-697-0808

FILED
JUL 2 1 2008
NEW YORK
COUNTY CLERKS OFFICE

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

SUBHAN KHAN.

Plaintiff.

-against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY. INC..

Defendants.

---

INDEX NO. 109280/08

**NOTICE OF FILING OF**
**NOTICE OF REMOVAL**

[No Assigned Part]

## TO:   CLERK OF THE SUPREME COURT
## OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

PLEASE TAKE NOTICE that the Defendants. Douglas Machine & Tool Company, Inc.

and TurboCombustor Technology, Inc., on August 8. 2008, have filed a Notice of Removal in

the Office of the Clerk of the United States District Court for the Southern District of New York.

A copy of that Notice of Removal is attached as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of the

Notice of Removal in the United States District Court for the Southern District of New York.

together with the filing of that Notice with the Clerk of this Court, effects the removal of the

above-styled action to the United States District Court. and this Court may proceed no further

unless and until the case is remanded.

**FILED**

AUG 2 0 2008

NEW YORK
COUNTY CLERK'S OFFICE

-1-

Dated: New York, New York
      August 12, 2008

                Respectfully submitted.

                WAESCHE, SHEINBAUM & O'REGAN, P.C.
                Attorneys for the Defendants

By: _____
                John R. Foster
            111 Broadway, Suite 401
            New York, NY 10006
            (212) 227-3550

JUDGE HOLWELL

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Defendants
111 Broadway, Suite 401
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)

'08 CIV 7093

ECF CASE

RECEIVED AUG 08 2008 U.S.D.C. S.D. N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUBHAN KHAN,

Plaintiff,

-against-

DOUGLAS MACHINE & TOOL COMPANY, INC. and TURBOCOMBUSTOR TECHNOLOGY, INC.,

Defendants.

**NOTICE OF REMOVAL**

**TO: THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

The Defendants in this action, and each of them, for the purpose of removing this cause to the United States District Court for the Southern District of New York, shows the Court, through their counsel, as follows:

1. This civil action is pending in the Supreme Court of the State of New York, New York County, where it was assigned Index No. 109280/08, having been filed on or about July 7, 2008. The Defendants received by certified mail a copy of the summons and complaint on July 9, 2008.

2. Thus this Notice of Removal is filed within 30 days after receipt by the Defendants of the summons and complaint, in compliance with 28 U.S.C. § 1446(b). A copy of

the summons and complaint are annexed hereto as **Exhibit A.** On information and belief, no other pleadings have been served and no orders have been entered. All defendants named in this action join in this Notice of Removal.

3.      The Plaintiff, Subhan Khan, is a citizen of the State of Ohio and resides at 4339 McKenzie Court, Mason, Ohio. Defendant Douglas Machine & Tool Company, Inc. is a corporation that no longer exists, having been merged in 2007 into Defendant TurboCombustor Technology, Inc. Defendant TurboCombustor Technology, Inc. was and still is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and with its principal place of business in the State of Florida.

4.      In his Verified Complaint the Plaintiff attempts to state a cause of action for breach of contract and seeks damages in the principal amount of $833,333. Hence, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

6.      This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

7.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, New York County, and will serve a copy of this Notice on counsel for the plaintiff.

8.      This Notice of Removal complies with Local Civil Rule 81.1.

9.      Defendants reserve the right to amend or supplement this Notice of Removal and to present additional arguments in support of their entitlement to removal.

10.     No admission of fact or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

WHEREFORE, Defendants pray that this action be removed from the Supreme

Court of the State of New York, New York County, to the United States District Court for the

Southern District of New York as provided by law.


Dated:  New York, New York
        August 8, 2008


                              **Waesche, Sheinbaum & O'Regan, P.C.**
                              Attorneys for the Defendants


                              By: _____

                                     John R. Foster
                              Attorney ID: JF3635
                              111 Broadway, Suite 401
                              New York, NY 10006
                              (212) 227-3550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X    Index No. O 8 - 1 0 9 2 8 0

SUBHAN KHAN,                                                    Date Filed _7/7/2008_

                                        Plaintiff,                  SUMMONS

        - against -                                            Plaintiff designates
                                                                   NEW YORK COUNTY
DOUGLAS MACHINE & TOOL COMPANY, INC.                           as the Place of Trial
and TURBOCOMBUSTOR TECHNOLOGY, INC.,                           The basis of the venue
                                                               designated is:
                                        Defendants.                    Stipulation as to venue.
--------------------------------------------------------------------X


TO THE ABOVE NAMED DEFENDANTS:


        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer on the Plaintiff's attorneys within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this Summons is
not personally delivered to you within the State of New York).

        In case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.


Plaintiff resides at: 4339 MacKenzie Court, Mason, OH 45040.


Dated: June 24, 2008                                          VAIL & SCHNEIDER, P.C.
                                                               Attorneys for Plaintiff
                                                               275 Madison Avenue - Suite 1100
                                                               New York, NY 10016
                                                               (212) 697-0808


Defendant Douglas Machine & Tool Company, Inc. Address:
        10400 Evendale Drive
        Cincinnati, OH 45241

Defendant Turbocombustor Technology, Inc. Address:
        10400 Evendale Drive
        Cincinnati, OH 45241

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

    Index No.:

SUBHAN KHAN,

    Date Filed:

              Plaintiff,

    -against-

                               VERIFIED COMPLAINT

DOUGLAS MACHINE & TOOL COMPANY, INC
and TURBOCOMBUSTOR TECHNOLOGY. INC.

              Defendants.

-------------------------------------------------------------------x

      Plaintiff. SUBHAN KHAN, by his attorneys Vail & Schneider. P.C., as and for his

verified complaint against Defendants, DOUGLAS MACHINE & TOOL COMPANY. INC.

(sometimes hereinafter severally referred to as "Douglas") and TURBOCOMBUSTOR

TECHNOLOGY, INC. (sometimes hereinafter severally referred to as " TCT"), respectfully

alleges as follows:

      1.  Plaintiff is an individual residing at 4339 MacKenzie Court, Mason, Ohio.

      2.  Upon information and belief, Douglas is and at all times material hereto was a

corporation organized and existing under the laws of the State of Delaware having a place of

business at 10400 Evendale Drive, Cincinnati. Ohio.

      3.  Upon information and belief. TCT is and at all times material hereto was a corporation

organized and existing under the laws of the State of Delaware having a place of business at

10400 Evendale Drive, Cincinnati, Ohio.

      4.  Jurisdiction of this Court with respect to the matters referred to herein is based upon

the provisions of a document entitled "6-1/2% Senior Convertible Debenture" (hereinafter, the

"Debenture", a copy of which is annexed hereto as Exhibit A), which constitutes the subject of

this action and which expressly provides, at Section 9 thereof:

> "(d) <u>Law and Jurisdiction</u>. This Debenture shall be governed by and construed in
> accordance with the internal laws of the State of New York, without giving effect to
> principles of conflicts of laws. Any dispute under this Debenture that is not settled by
> mutual consent shall be finally adjudicated by any federal or state court sitting in the City,
> County and State of New York, and the Company consents to the exclusive jurisdiction of
> such courts (or any appellate court therefrom) over any such dispute."

5. In January 2008, Plaintiff commenced an action against the Defendants herein in the

Court of Common Pleas, Hamilton County, Ohio, seeking the same relief as is sought herein.

Defendants moved to dismiss such action, upon the grounds that the above cited provision of the

Debenture provided for determination of such matters only in New York, expressly stating in its

attorney's "Memorandum in Support" of such motion:

> "Defendants hereby: consent to the jurisdiction of any federal or state Court located in the
> City, County and State of New York; Defendants waive any objections to the claims at
> issue being asserted in the foregoing forum; and Defendants agree that January 16, 2008
> is the date that will be used should this case be recommenced in the proper forum for
> purposes of the application of the statute of limitations."

The said Ohio Court granted Defendants' motion to the extent of staying the Ohio action

"pending refiling of this case in any federal or state court which is located in the City, County

and State of New York": (a copy of the Decision of said Court is annexed hereto marked Exhibit

B).

6. On or about January 1, 2006, Plaintiff loaned and advanced to Douglas sums

aggregating $833,333 upon the terms and conditions reflected in the above referred to Debenture.

7. The terms of the Debenture include the obligation of Douglas to pay interest upon the

principal amount outstanding from time to time at the rate of 6.5% per annum commencing June

30, 2006 and continuing in semi-annual installments thereafter until December 31, 2011, at which time the entire principal and all theretofore accrued and unpaid interest becomes payable. The Debenture further provides that in the event of default: (a) the rate of interest would be increased to 9.5% per annum; (b) the holder of the Debenture may accelerate the date of payment of the principal and all accrued interest thereon; and (c) the holder of the Debenture would also be entitled to recover "its reasonable costs of collection of all amounts due hereunder, including reasonable attorneys' fees."

8.  Douglas failed and refused to pay the installment of accrued interest which became due and payable on June 30, 2006 and has wholly failed and refused to pay any installment of interest then and/or thereafter accruing or any other amount due upon the Debenture.

9.  On or about June 17, 2007, Plaintiff served Notice upon Douglas (the "Default Notice", a copy of which is annexed hereto as Exhibit C) confirming Douglas' said default and of Plaintiff's election pursuant to the terms of the Debenture to accelerate the outstanding balance and to exercise additional rights and remedies provided thereby.

10.  Notwithstanding such Default Notice and repeated demands by Plaintiff for payment thereafter, Douglas has wholly failed and refused to pay any portion of the amounts due and payable to Plaintiff pursuant to said Debenture.

11.  Upon information and belief, on or about August 29, 2007, without notice to or the consent of Plaintiff, Douglas merged with TCT.

12.  Upon information and belief, TCT has, as a result of such merger and pursuant to the terms of the documents governing such transaction, succeeded to all of the assets and operations

3

of Douglas and to all of its obligations and expressly assumed such obligations. including the obligations of Douglas pursuant to the Debenture.

13. Notwithstanding Plaintiff's repeated demands for payment, Defendants have wholly failed to pay any portion of the principal of or the interest accrued upon the Debenture and are in breach of the express terms and conditions thereof.

WHEREFORE. Plaintiff demands judgment against Defendants in the amount of $833,333 plus interest upon such amount at the rate of 6.5% per annum from January 1, 2006 to June 30, 2006 and at the rate of 9.5% per annum in all subsequent periods, together with Plaintiff's reasonable collection costs (including attorneys' fees) and the costs and disbursements of this proceeding and such other and further relief as the Court may determine to be appropriate and just.

Dated: New York, New York
     June 24, 2008

                                  JEFFREY T. VAIL
                                  VAIL & SCHNEIDER, PC
                                  Attorneys for Plaintiff
                                  275 Madison Avenue - Suite 1100
                                  New York, NY 10016
                                  (212) 697-0808

4

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

JEFFREY T. VAIL, an attorney duly admitted to practice before the courts of the State of New York, states that I am a member of the law firm of VAIL & SCHNEIDER, P.C., attorneys for the Plaintiff SUBHAN KHAN in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by said Plaintiff is because said Plaintiff does not maintain a residence or place of business in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are information provided to me by said Plaintiff SUBHAN KHAN.

I affirm the foregoing statements are true, under the penalty of perjury.


Subscribed and Affirmed:
This 24th day of June 2008.

_____
JEFFREY T. VAIL

THE DEBENTURE EVIDENCED BY THIS CERTIFICATE AND THE SHARES ISSUABLE UPON CONVERSION HEREOF HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 (THE "ACT") AND APPLICABLE STATE SECURITIES LAWS ("STATE LAWS"), HAS BEEN ACQUIRED FOR INVESTMENT AND MAY NOT BE SOLD, ASSIGNED, TRANSFERRED, PLEDGED OR HYPOTHECATED EXCEPT PURSUANT TO (i) AN EFFECTIVE REGISTRATION STATEMENT REGISTERING THE DEBENTURE UNDER THE ACT AND APPLICABLE STATE LAWS OR (ii) A TRANSACTION PERMITTED BY RULE 144 OR RULE 145 UNDER THE ACT OR EQUIVALENT STATE LAWS FOR WHICH THE ISSUER HAS RECEIVED REASONABLY SATISFACTORY EVIDENCE OF COMPLIANCE WITH THE PROVISIONS OF SUCH APPLICABLE RULE OR (iii) AN OPINION OF COUNSEL SATISFACTORY TO ISSUER THAT THE DEBENTURE IS EXEMPT FROM THE REGISTRATION PROVISIONS OF THE ACT AND STATE LAWS OR (iv) A NO-ACTION LETTER FROM THE STAFF OF THE SECURITIES AND EXCHANGE COMMISSION AND THE APPLICABLE STATE SECURITIES AUTHORITY THAT REGISTRATION OF THIS DEBENTURE IS NOT REQUIRED UNDER THE ACT OR STATE LAWS.

<div align="center">

DOUGLAS MACHINE & TOOL COMPANY, INC.

6 ½ % SENIOR CONVERTIBLE DEBENTURE

</div>

US$833,333                                                            January 1, 2006


FOR VALUE RECEIVED, DOUGLAS MACHINE & TOOL COMPANY, INC., a Delaware corporation (the "Company"), unconditionally promises to pay to the order of Subhan Khan (the "Holder"), having an address at 4339 MacKenzie Ct., Mason, Ohio 45040, at such address or at such other place as may be designated in writing by the Holder, or its permitted assigns, the aggregate principal sum of Eight Hundred Thirty-Three Thousand Three Hundred Thirty-Three United States Dollars ($833,333), together with interest from the date set forth above on the unpaid principal balance of this 6 ½ % Senior Subordinated Convertible Debenture (the "Debenture") outstanding at a rate equal to six-and-one-half percent (6 ½ %) (computed on the basis of the actual number of days elapsed in a 360-day year) per annum and continuing on the outstanding principal until this Debenture is either (A) converted into Common Stock as provided herein, or (B) indefeasibly and irrevocably paid in full by the Company.

1. **Payments of Principal and Interest.** Interest on this Debenture is payable semi-annually on the last day of June and December of each year (each, an "Interest Payment Date"), commencing on June, 2006, to the Holder of record on the immediately preceding June 15, or December 15, as applicable. Subject to the other provisions of this Debenture, the principal of this Debenture and all accrued and unpaid interest hereon will mature and become due and payable on December 31, 2011 (the "Stated Maturity Date"). Except as provided herein, all payments of principal and interest by the Company under this Debenture will be made in United States dollars in immediately available funds to an account specified by the Holder.

2. **Company Debentures.** This Debenture is one of a series of Debentures (the "Company Debentures") of like tenor in an aggregate principal amount of Fifteen Million Two Hundred Eight Thousand Three Hundred Thirty-Three dollars ($15,208,333) issued by the Company.

3. **Conversion Right.**

(a) From and after the date hereof until the Stated Maturity Date, the Holder has the right, in its sole discretion, to convert all or any portion of the outstanding principal amount then-outstanding hereunder (the "Conversion Right"), into such number of shares of Common Stock of the issuer, as shall be obtained by dividing the sum of the outstanding principal amount by $100, subject to adjustment as provided below in Section 4 (the "Conversion Price").

(b) The Holder shall be entitled to exercise the Conversion Right from time to time as to the unconverted portion of this Debenture upon at least 10 days' prior written notice to the Company. Within 10 days of the conversion date specified in such notice, the Company shall issue appropriate stock certificates to Holder representing the aggregate number of shares of Common Stock due to Holder as a result of such conversion.

4 Anti-dilution and Other Rights of Holders.

(a) <u>Below Market Issuances; Stock Splits; Dividends</u>. If at any time while there is any outstanding principal amount then-outstanding hereunder the Company shall:

(i) issue or sell any shares of Common Stock at a price below the then-current Fair Market Value per share (as defined below), the Conversion Price in effect immediately prior to each such issuance shall forthwith (except as otherwise provided in this Section 4) be adjusted to a price equal to a price determined by multiplying such Conversion Price by a fraction, the numerator of which shall be the sum of (w) the number of shares of Common Stock deemed outstanding (as defined below) immediately prior to such issuance, and (x) the number of shares of Common Stock that the aggregate consideration received by the Company for such issuance would purchase at such Conversion Price; and the denominator of which shall be the sum of (y) the number of shares of Common Stock deemed outstanding (as defined below) immediately prior to such issuance and (z) the number of additional shares of such Common Stock so issued or sold; for purposes hereof, "Common Stock deemed outstanding" as of a given date shall be the sum of (A) the number of shares of Common Stock actually outstanding, (B) the number of shares of Common Stock into which the then outstanding shares of preferred stock could be converted if fully converted on the day immediately preceding the given date, and (C) the number of shares of Common Stock which could be obtained through the exercise or conversion of all other rights, options and convertible securities outstanding on the day immediately preceding the give date. For purposes hereof, "Fair Market Value" shall mean (x) the closing price or the business day prior to such determination on the principal national securities exchange on which the Common Stock is traded, if any, (y) the last quoted price on the business day prior to such determination if the Common Stock is traded on the Nasdaq National Market or Nasdaq SmallCap Market, or (z) if the Common Stock is not listed on a national securities exchange or traded on the Nasdaq National Market or the Nasdaq SmallCap Market, then as determined in good faith by the Company's Board of Directors and reasonably agreed to by Holder; *provided, however*, that the Company may issue, without triggering the foregoing provisions of this paragraph (A) shares of Common Stock upon conversion of any preferred stock; (B) shares of Common Stock and/or options pursuant to the Company's stock option plan, warrants or other Common Stock purchase rights, and the Common Stock issued pursuant to such options, warrants or other rights (as adjusted for any stock dividends, combinations, splits, recapitalizations and the like) after the date hereof to employees, officers or directors of, or consultants or advisors to the Company or any subsidiary pursuant to stock purchase or stock options plans or other arrangements that are approved by the Company's Board of Directors and stockholders; (C) shares of Common Stock pursuant to the exercise of options, warrants or convertible securities outstanding as of the date hereof; (D) shares of Common Stock and/or options, warrants or other Common Stock purchase rights, and the Common Stock issued pursuant to such options, warrants or other rights issued for consideration other than cash pursuant to a merger, consolidation, acquisition or similar business combination approved by the Company's Board of Directors; and (E) shares of Common Stock pursuant to any equipment leasing arrangement, or debt financing from a bank or similar financial institution approved by the Company's Board of Directors so long as such issuance is ancillary to and not the principal portion of such transaction;

(ii) fix a record date for the effectuation of a split or subdivision of the outstanding shares of Common Stock or the determination of holders of Common Stock entitled to receive a dividend or other distribution payable in additional shares of Common Stock or other securities or property or rights convertible into, or entitling the holder thereof to receive directly or indirectly, any of the foregoing (hereinafter referred to as "Common Stock Equivalents") without payment of any consideration by such holder for the additional shares of Common Stock or the Common Stock Equivalents (including the additional shares of Common Stock or other securities or property issuable upon conversion or exercise thereof) or with payment that is less than the lower of (x) the then-Fair Market Value of the Common Stock (including, in the case of Common Stock Equivalents, on an as-converted basis) and (y) the Conversion Price then in effect, then and in each case, the Conversion Right shall be for, in addition to the number of shares of the Common Stock otherwise deliverable upon exercise of the Conversion Right, and without adjustment to the Conversion Price, the amount of such additional shares of Common Stock and any Common Stock Equivalents that the holder hereof would have received or become entitled to receive on the same terms and conditions as if such holder had been a holder of record of such Common Stock as shall have been deliverable immediately prior to such record date pursuant to the terms of this Section 4.

2

(b) <u>Decrease in Common Stock Outstanding</u>. If the number of shares of Common Stock outstanding at any time is decreased by a combination of the outstanding shares of Common Stock, then, following the record date of such combination, the Conversion Price shall be appropriately increased so that the number of shares of Common Stock issuable on conversion hereof shall be decreased in proportion to such decrease in outstanding shares.

(c) <u>Additional Rights</u>. The following provisions shall apply for purposes of this Section 4:

(i) the aggregate maximum number of shares of Common Stock or other amount of securities or property issuable or deliverable as the case may be, or delivered upon conversion or exercise of Common Stock Equivalents (assuming the satisfaction of any conditions to convertibility or exercisability, including, without limitation, the passage of time, but without taking into account potential antidilution adjustments) shall be deemed to have been issued or delivered at the time such Common Stock Equivalents were issued;

(ii) in the event of any change in the number of shares of Common Stock deliverable or in the consideration payable to the Company upon conversion or exercise of such Common Stock Equivalents including, but not limited to, a change resulting from the antidilution provisions thereof, the Conversion Price, to the extent in any way affected by or computed using such Common Stock Equivalents, shall be recomputed to reflect such change, but no further adjustment shall be made for the actual issuance of Common Stock or any payment of such consideration upon the exercise of any such options or rights or the conversion or exchange of such securities; and

(iii) upon the termination or expiration of the convertibility or exercisability of any such Common Stock Equivalents, the Conversion Price, to the extent in any way affected by or computed using such Common Stock Equivalents, shall be recomputed to reflect the issuance of only the number of shares of Common Stock (and Common Stock Equivalents which remain convertible or exercisable) actually issued upon the conversion or exercise of such Common Stock Equivalents.

(d) <u>No Impairment</u>. The Company will not, by amendment of its Certificate of Incorporation, any certificate of designations or bylaws, or through any reorganization, recapitalization, transfer of assets, consolidation, merger, dissolution, issue or sale of securities or any other voluntary action, avoid or seek to avoid the observance or performance of any of the terms to be observed or performed hereunder by the Company, but will at all times in good faith assist in the carrying out of all the provisions of this Section 4 and in the taking of all such action as may be necessary or appropriate in order to protect the rights of Holder against impairment, including having enough authorized shares to permit conversion in accordance with Section 4.

(e) <u>Notice of Adjustments</u>. Whenever the consideration issuable upon a conversion hereunder shall be changed pursuant to this Section 4, the Company shall prepare a certificate setting forth, in reasonable detail, the event requiring the change and the kind and amount of shares of stock and other securities, money and property subsequently issuable upon a conversion hereof. Such certificate shall be signed by Company's chief financial officer and shall be delivered to Holder.

(f) <u>Fractional Shares; Rounding</u>. No fractional shares of Common Stock will be issued in connection with any exercise hereunder, but in lieu of such fractional shares the Company shall make a cash payment therefor based on the applicable Conversion Price. All calculations under this Section 4 shall be made to the nearest cent or to the nearest one-hundredth of a share, as the case may be.

5. <b>Events of Default</b>. The occurrence of any of the following events shall constitute an event of default (an "Event of Default"):

(a) <u>Non-Payment of Principal</u>. A default in the payment of the principal amount of this Debenture, when and as the same shall become due and payable;

(b) <u>Non-Payment of Interest</u>. A default in the payment of any accrued and unpaid interest on this Debenture, when and as the same shall become due and payable;

3

(c) <u>Material Breach</u>. A material breach by the Company of its obligations under this Debenture, which breach remains uncured for a period of 30 days, after receipt of written notice thereof by Holder;

(d) <u>Judgments</u>. A final judgment or judgments for the payment of money in excess of $250,000 in the aggregate at any time are outstanding against Company (which judgments are not covered by insurance policies as to which liability has been accepted by the insurance carrier), and the same are not, within 60 days after the entry thereof, discharged or execution thereof stayed or bonded pending appeal, or such judgments are not discharged prior to the expiration of any such stay;

(e) <u>Insolvency</u>. The Company is unable to pay its debts as they become due;

(f) <u>Cessation of Business</u>. The Company ceases wholly or substantially to carry on its business for a period of more than 45 days, other than for the purpose of a reconstruction, without the prior written consent of the Holder (such consent not to be unreasonably withheld); or

(g) <u>Appointment of Receiver, etc</u>. The appointment of a liquidator, receiver, administrator, examiner, trustee or similar officer of the Company or over all or substantially all of its assets under the law and such condition continues for 45 days or more.

6. Remedies in the Event of Default.

(a) <u>Acceleration</u>. In the case of any Event of Default by the Company, the Holder may in its sole discretion demand that the aggregate amount of funds advanced to the Company under this Debenture and outstanding hereunder and accrued and unpaid interest thereon shall, in addition to all other rights and remedies of the Holder hereunder and under applicable law, be and become immediately due and payable upon written notice delivered by the Holder to the Company. Notwithstanding the preceding sentence, the rights of the Holder as set forth in Sections 4 and 5 hereunder shall survive any such acceleration and payment, as to the then outstanding balance due under this Debenture.

(b) <u>Waiver of Demand, Presentment, etc</u>. The Company hereby waives demand and presentment for payment, notice of nonpayment, protest and notice of protest, diligence, filing suit, and all other notice and promises to pay the Holder its reasonable costs of collection of all amounts due hereunder, including reasonable attorneys' fees.

(c) <u>Default Interest Rate</u>. In the case of any Event of Default under this Debenture by the Company, this Debenture shall continue to bear interest after such default at the interest rate otherwise in effect hereunder plus 3% *per annum* (but in any event not in excess of the maximum rate of interest permitted by applicable law).

7. Voting Rights.

This Debenture shall not entitle the Holder to any voting rights or other rights as a stockholder of the Company prior to its conversion.

8. Security.

The payment of this Debenture and all interest hereunder is secured by a Security Agreement of even date, the terms and provisions of which are incorporated herein by this reference.

9. Miscellaneous.

(a) <u>Binding Effect</u>. This Debenture and all of the provisions hereof shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. All or any part of this Debenture may be assigned or transferred by the Holder and its permitted assigns and transferees to their respective affiliates and subsidiaries, as well as any special purpose financing or similar vehicle established by the Holder. Other than as

4

set forth above, no party shall assign or transfer all or any part of this Debenture, or any interest therein, without the prior written consent of the other party.

(b) <u>Notices</u>. All notices, demands and requests of any kind to be delivered to any party in connection with this Debenture shall be in writing and shall be deemed to have been duly given if personally or hand delivered or if sent by an internationally-recognized overnight delivery courier or by registered or certified mail, return receipt requested and postage prepaid, or by facsimile transmission addressed as follows:

> if to the Company:
>
> Douglas Machine & Tool Company, Inc.
> 10400 Evendale Drive
> Cincinnati, Ohio 45241
> Attn.: Leslie B. Daniels
> Facsimile: (212) 319-0232
>
> if to Holder:
>
> Subhan Khan
> 4339 MacKenzie Ct.
> Mason, Ohio 45040
> Facsimile: (513) 563-9695

or to such other address as the party to whom notice is to be given may have furnished to the other party hereto in writing in accordance with provisions of this Section 8. Any such notice or communication shall be deemed to have been effectively given (i) in the case of personal or hand delivery, on the date of such delivery, (ii) in the case of an internationally-recognized overnight delivery courier, on the second business day after the date when sent, (iii) in the case of mailing, on the fifth business day following that day on which the piece of mail containing such communication is posted and (iv) in the case of facsimile transmission, the date of telephone confirmation of receipt.

(c) <u>Amendment</u>. This Debenture may not be modified or amended, or any of the provisions hereof waived, except by written agreement of the Company and the Holder dated after the date hereof.

(d) <u>Law and Jurisdiction</u>. This Debenture shall be governed by and construed in accordance with the internal laws of the State of New York, without giving effect to principles of conflicts of laws. Any dispute under this Debenture that is not settled by mutual consent shall be finally adjudicated by any federal or state court sitting in the City, County and State of New York, and the Company consents to the exclusive jurisdiction of such courts (or any appellate court therefrom) over any such dispute.

(e) <u>Facsimiles</u>. This Debenture may be executed and delivered to the Holder by a facsimile transmission; such transmission shall be deemed a valid signature.

[Signature Page Follows]

5

The Company has executed and delivered this Debenture on the date first above written.

DOUGLAS MACHINE & TOOL COMPANY, INC.

By: _____

Name: ___DAVID H. ROWE_____

Title: ___President_____

«CL2:266130_v1»

6



D78588362

**COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO**

ENTER

MAY 29 2008

DENNIS S. HELMICK, Judge

5/29/08

SUBHAN KHAN,

Case No : A0800512

       Plaintiff,

(Judge Dennis Helmick)

     vs

DOUGLAS MACHINE & TOOL
COMPANY, INC , et al.,

       Defendants.

ENTRY

ENTERED

MAY 29 2008

COURT OF COMMON PLEAS
ENTER
HON. DENNIS S. HELMICK
THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

This matter came on for decision upon Defendants' Motion to Stay or, In the Alternative,

Dismiss Case for Improper Venue and the Court having considered the memoranda and oral

arguments of counsel and being fully advised in the premises, hereby

    ORDERS that Defendants' Motion be, and the same hereby is, GRANTED and this case is

stayed for sixty (60) days pending refiling of this case in any federal or state court which is located

in the City, County and State of New York.

Honorable Dennis Helmick

Richard T. Lauer / by emfelle
/ aut rored /
   5-29-08
Richard T. Lauer
James M Kelly
ROBBINS, KELLY, PATTERSON & TUCKER
7 West Seventh Street, Suite 1400
Cincinnati, Ohio 45202

*Attorneys for Plaintiff*

Mark S Kakn / by ngoh
          5-29-08
Mark Skakun (0023475)
Clay Keller (0072927)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
4518 Fulton Drive, N W
P O. Box 35548
Canton, Ohio 44735-5548

Richard M Goehler (0009160)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182

*Attorneys for Defendants*

CINLibrary 0113390.0553186 1831609v1

# SUBHAN KHAN
## 4339 MacKenzie Court
## Mason, Ohio 45040

June 18, 2007

VIA OVERNIGHT MAIL &
FACIMILE (212) 319 - 0232

Douglas Machine & Tool Company, Inc.
Attn: Leslie B. Daniels
10400 Evendale Drive
Cincinnati, Ohio 45241

  RE: NOTICE OF DEBENTURE DEFAULT

Dear Mr. Daniels:

I hereby put Douglas Machine & Tool Company, Inc., a Delaware corporation (the "Company"), on notice that it is in default of the 6½% Senior Convertible Debenture, dated January 1, 2006, and issued to me, in the principal amount of $833,333.00.

The basis of the default is that the Company has failed to pay interest that was due on July 1, 2006 and December 31, 2006 (paragraph 5(b)).  There may be additional defaults of the Company of which I am currently unaware.  I reserve the right to provide the Company with additional reasons for its default, if necessary.

As a result of the default, the Debenture is earning interest at the default interest rate of 9 ½% as of July 1, 2006.

I am notifying the Company that it is in default and that I am, under paragraph 6(a) of the Debenture, accelerating payment and declaring the entire principal  and all accrued and unpaid interest immediately due and payable.

The Debenture also provides that the Company is responsible  for  collection costs, including reasonable attorney fees, for which I  also make demand.

Sincerely,

Subhan Khan

Subhan Khan

cc:    David Kern, Esq.
       Buckingham Doolittle & Burroughs
       3800 Embassy Parkway
       Suite 300
       Akron, Ohio 44333
       VIA FACSIMILE (330) 258-6559

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. _____

SUBHAN KHAN,

Plaintiff,

-against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

Vail & Schneider, P.C.
Attorneys for Plaintiff
275 Madison Avenue, Suite 1100
New York, NY 10016
Telephone: 212-697-0808

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SUBHAN KHAN,

                    Plaintiff,

            -against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

                    Defendants.

INDEX NO. 109280/08

**PROOF OF
SERVICE BY MAIL**

[No Assigned Part]


JOHN R. FOSTER, an attorney admitted to practice in the courts of the State of New York and not a party to this action, affirms pursuant to CPLR 2106 that the following is true under the penalties of perjury:

On August 12, 2008, I served a true and correct copy of the annexed Notice of Filing of Notice of Removal Court upon Vail & Schneider PC, Attorneys for the Plaintiff, at their offices at 275 Madison Ave., Suite 1100, New York, NY 10016, being the address designated by these Attorneys for service by mail, by depositing a true copy of same enclosed in a properly sealed and addressed wrapper, with first-class postage thereon fully prepaid, in an official depository located within the State under the exclusive care and custody of the United States Postal Service.

Dated: August 12, 2008

                                        John R. Foster

Index No. 109280/08          [No Assigned Part]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SUBHAN KHAN,

                        Plaintiff,

        -against-

DOUGLAS MACHINE & TOOL COMPANY, INC.,
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

                        Defendants.

FILED
AUG 20 2008
NEW YORK
COUNTY CLERKS OFFICE

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Waesche, Sheinbaum & O'Regan, PC
111 Broadway, Suite 401
New York, NY 10006
(212) 227-3550

# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

SUBHAN KHAN,

                            Plaintiff,

            -against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

                            Defendants.

---

INDEX NO. 109280/08

**NOTICE OF REMOVAL**
**TO FEDERAL COURT**

[No Assigned Part]

**C O U N S E L:**

    PLEASE TAKE NOTICE that the within is a true copy of a Notice of Removal of the

above-captioned action from the Supreme Court of the State of New York. County of New York,

to the United States District Court for the Southern District of New York, filed with the Clerk of

the United States District Court for the Southern District of New York on August 8, 2008.

Dated: New York, New York
       August 12, 2008

                            Respectfully submitted,

                            WAESCHE, SHEINBAUM & O'REGAN, P.C.
                            Attorneys for the Defendants

                            By: _____
                                John R. Foster
                                111 Broadway, Suite 401
                                New York, NY 10006
                                (212) 227-3550

**F I L E D**

AUG 2 0 2008

NEW YORK
COUNTY CLERK'S OFFICE

-1-

TO:    VAIL & SCHNEIDER, PC
       Attorneys for the Plaintiff
       275 Madison Ave.. Suite 1100
       New York, NY 10016

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Defendants
111 Broadway, Suite 401
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)



'08 CIV 7093

ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUBHAN KHAN,

                                Plaintiff,

        -against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

                                Defendants.

_____

**NOTICE OF REMOVAL**

TO:    THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
       OF NEW YORK

       The Defendants in this action, and each of them, for the purpose of removing this cause

to the United States District Court for the Southern District of New York, shows the Court,

through their counsel, as follows:

       1.      This civil action is pending in the Supreme Court of the State of New York, New

York County, where it was assigned Index No. 109280/08, having been filed on or about July 7,

2008. The Defendants received by certified mail a copy of the summons and complaint on July 9,

2008.

       2.      Thus this Notice of Removal is filed within 30 days after receipt by the

Defendants of the summons and complaint, in compliance with 28 U.S.C. § 1446(b). A copy of

the summons and complaint are annexed hereto as **Exhibit A**. On information and belief, no other pleadings have been served and no orders have been entered. All defendants named in this action join in this Notice of Removal.

3.    The Plaintiff, Subhan Khan, is a citizen of the State of Ohio and resides at 4339 MacKenzie Court, Mason, Ohio. Defendant Douglas Machine & Tool Company, Inc. is a corporation that no longer exists, having been merged in 2007 into Defendant TurboCombustor Technology, Inc. Defendant TurboCombustor Technology, Inc. was and still is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and with its principal place of business in the State of Florida.

4.    In his Verified Complaint the Plaintiff attempts to state a cause of action for breach of contract and seeks damages in the principal amount of $833,333. Hence, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

6.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

7.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, New York County, and will serve a copy of this Notice on counsel for the plaintiff.

8.    This Notice of Removal complies with Local Civil Rule 81.1.

9.    Defendants reserve the right to amend or supplement this Notice of Removal and to present additional arguments in support of their entitlement to removal.

10.    No admission of fact or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

WHEREFORE, Defendants pray that this action be removed from the Supreme Court of the State of New York. New York County, to the United States District Court for the Southern District of New York as provided by law.


Dated:  New York, New York
        August 8. 2008


                              Waesche, Sheinbaum & O'Regan, P.C.
                              Attorneys for the Defendants

                              By: _____
                                      John R. Foster
                              Attorney ID: JF3635
                              111 Broadway, Suite 401
                              New York, NY 10006
                              (212) 227-3550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X    Index No. 08 - 109280

SUBHAN KHAN,
                                                        Date Filed 7/7/2008

                                Plaintiff,                    SUMMONS

        - against -                              Plaintiff designates
                                                        NEW YORK COUNTY
DOUGLAS MACHINE & TOOL COMPANY, INC.             as the Place of Trial
and TURBOCOMBUSTOR TECHNOLOGY, INC.,             The basis of the venue
                                                 designated is:
                                Defendants.            Stipulation as to venue.
-----------------------------------------------------------------X


TO THE ABOVE NAMED DEFENDANTS:


        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer on the Plaintiff's attorneys within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this Summons is
not personally delivered to you within the State of New York).

        In case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.


Plaintiff resides at: 4339 MacKenzie Court, Mason, OH 45040.



Dated: June 24, 2008                         VAIL & SCHNEIDER, P.C.
                                             Attorneys for Plaintiff
                                             275 Madison Avenue - Suite 1100
                                             New York, NY 10016
                                             (212) 697-0808

Defendant Douglas Machine & Tool Company, Inc. Address:
        10400 Evendale Drive
        Cincinnati, OH 45241

Defendant Turbocombustor Technology, Inc. Address:
        10400 Evendale Drive
        Cincinnati, OH 45241

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

SUBHAN KHAN,

                Plaintiff,

      -against-

DOUGLAS MACHINE & TOOL COMPANY, INC
and TURBOCOMBUSTOR TECHNOLOGY. INC.

              Defendants.

------------------------------------------------------------------x

Index No.:

Date Filed:

VERIFIED COMPLAINT

      Plaintiff, SUBHAN KHAN, by his attorneys Vail & Schneider. P.C., as and for his

verified complaint against Defendants, DOUGLAS MACHINE & TOOL COMPANY. INC.

(sometimes hereinafter severally referred to as "Douglas") and TURBOCOMBUSTOR

TECHNOLOGY, INC. (sometimes hereinafter severally referred to as " TCT"), respectfully

alleges as follows:

      1.  Plaintiff is an individual residing at 4339 MacKenzie Court, Mason, Ohio.

      2.  Upon information and belief. Douglas is and at all times material hereto was a

corporation organized and existing under the laws of the State of Delaware having a place of

business at 10400 Evendale Drive, Cincinnati. Ohio.

      3.  Upon information and belief, TCT is and at all times material hereto was a corporation

organized and existing under the laws of the State of Delaware having a place of business at

10400 Evendale Drive. Cincinnati. Ohio.

      4.  Jurisdiction of this Court with respect to the matters referred to herein is based upon

the provisions of a document entitled "6-1/2% Senior Convertible Debenture" (hereinafter. the

"Debenture", a copy of which is annexed hereto as Exhibit A), which constitutes the subject of

this action and which expressly provides, at Section 9 thereof:

> "(d) Law and Jurisdiction. This Debenture shall be governed by and construed in
> accordance with the internal laws of the State of New York, without giving effect to
> principles of conflicts of laws. Any dispute under this Debenture that is not settled by
> mutual consent shall be finally adjudicated by any federal or state court sitting in the City,
> County and State of New York, and the Company consents to the exclusive jurisdiction of
> such courts (or any appellate court therefrom) over any such dispute."

5. In January 2008, Plaintiff commenced an action against the Defendants herein in the

Court of Common Pleas, Hamilton County, Ohio, seeking the same relief as is sought herein.

Defendants moved to dismiss such action, upon the grounds that the above cited provision of the

Debenture provided for determination of such matters only in New York, expressly stating in its

attorney's "Memorandum in Support" of such motion:

> "Defendants hereby: consent to the jurisdiction of any federal or state Court located in the
> City, County and State of New York; Defendants waive any objections to the claims at
> issue being asserted in the foregoing forum; and Defendants agree that January 16, 2008
> is the date that will be used should this case be recommenced in the proper forum for
> purposes of the application of the statute of limitations."

The said Ohio Court granted Defendants' motion to the extent of staying the Ohio action

"pending refiling of this case in any federal or state court which is located in the City, County

and State of New York": (a copy of the Decision of said Court is annexed hereto marked Exhibit

B).

6. On or about January 1, 2006, Plaintiff loaned and advanced to Douglas sums

aggregating $833,333 upon the terms and conditions reflected in the above referred to Debenture.

7 The terms of the Debenture include the obligation of Douglas to pay interest upon the

principal amount outstanding from time to time at the rate of 6.5% per annum commencing June

2

30. 2006 and continuing in semi-annual installments thereafter until December 31, 2011, at which time the entire principal and all theretofore accrued and unpaid interest becomes payable. The Debenture further provides that in the event of default: (a) the rate of interest would be increased to 9.5% per annum; (b) the holder of the Debenture may accelerate the date of payment of the principal and all accrued interest thereon; and (c) the holder of the Debenture would also be entitled to recover "its reasonable costs of collection of all amounts due hereunder, including reasonable attorneys' fees."

8. Douglas failed and refused to pay the installment of accrued interest which became due and payable on June 30, 2006 and has wholly failed and refused to pay any installment of interest then and/or thereafter accruing or any other amount due upon the Debenture.

9. On or about June 17, 2007, Plaintiff served Notice upon Douglas (the "Default Notice", a copy of which is annexed hereto as Exhibit C) confirming Douglas' said default and of Plaintiff's election pursuant to the terms of the Debenture to accelerate the outstanding balance and to exercise additional rights and remedies provided thereby.

10. Notwithstanding such Default Notice and repeated demands by Plaintiff for payment thereafter, Douglas has wholly failed and refused to pay any portion of the amounts due and payable to Plaintiff pursuant to said Debenture.

11. Upon information and belief, on or about August 29, 2007, without notice to or the consent of Plaintiff, Douglas merged with TCT.

12. Upon information and belief, TCT has, as a result of such merger and pursuant to the terms of the documents governing such transaction, succeeded to all of the assets and operations

3

of Douglas and to all of its obligations and expressly assumed such obligations, including the obligations of Douglas pursuant to the Debenture.

13. Notwithstanding Plaintiff's repeated demands for payment, Defendants have wholly failed to pay any portion of the principal of or the interest accrued upon the Debenture and are in breach of the express terms and conditions thereof.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of $833,333 plus interest upon such amount at the rate of 6.5% per annum from January 1, 2006 to June 30, 2006 and at the rate of 9.5% per annum in all subsequent periods, together with Plaintiff's reasonable collection costs (including attorneys' fees) and the costs and disbursements of this proceeding and such other and further relief as the Court may determine to be appropriate and just.

Dated: New York, New York
        June 24, 2008

JEFFREY T. VAIL
VAIL & SCHNEIDER, PC
Attorneys for Plaintiff
275 Madison Avenue - Suite 1100
New York, NY 10016
(212) 697-0808

4

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK )

      JEFFREY T. VAIL, an attorney duly admitted to practice before the courts of the State of

New York, states that I am a member of the law firm of VAIL & SCHNEIDER, P.C., attorneys

for the Plaintiff SUBHAN KHAN in the within action; I have read the foregoing Complaint and

know the contents thereof; the same is true to my own knowledge, except as to the matters

therein alleged to be on information and belief, and as to those matters I believe them to be true.

      The reason this verification is made by me and not by said Plaintiff is because said

Plaintiff does not maintain a residence or place of business in the county in which my office is

located.

      The grounds of my belief as to all matters not stated upon my own knowledge are

information provided to me by said Plaintiff SUBHAN KHAN.

      I affirm the foregoing statements are true, under the penalty of perjury.


Subscribed and Affirmed:
This 24th day of June 2008.

                                       JEFFREY T. VAIL

THE DEBENTURE EVIDENCED BY THIS CERTIFICATE AND THE SHARES ISSUABLE UPON CONVERSION HEREOF HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 (THE "ACT") AND APPLICABLE STATE SECURITIES LAWS ("STATE LAWS"), HAS BEEN ACQUIRED FOR INVESTMENT AND MAY NOT BE SOLD, ASSIGNED, TRANSFERRED, PLEDGED OR HYPOTHECATED EXCEPT PURSUANT TO (i) AN EFFECTIVE REGISTRATION STATEMENT REGISTERING THE DEBENTURE UNDER THE ACT AND APPLICABLE STATE LAWS OR (ii) A TRANSACTION PERMITTED BY RULE 144 OR RULE 145 UNDER THE ACT OR EQUIVALENT STATE LAWS FOR WHICH THE ISSUER HAS RECEIVED REASONABLY SATISFACTORY EVIDENCE OF COMPLIANCE WITH THE PROVISIONS OF SUCH APPLICABLE RULE OR (iii) AN OPINION OF COUNSEL SATISFACTORY TO ISSUER THAT THE DEBENTURE IS EXEMPT FROM THE REGISTRATION PROVISIONS OF THE ACT AND STATE LAWS OR (iv) A NO-ACTION LETTER FROM THE STAFF OF THE SECURITIES AND EXCHANGE COMMISSION AND THE APPLICABLE STATE SECURITIES AUTHORITY THAT REGISTRATION OF THIS DEBENTURE IS NOT REQUIRED UNDER THE ACT OR STATE LAWS.

<div align="center">

## DOUGLAS MACHINE & TOOL COMPANY, INC.

### 6 ½ % SENIOR CONVERTIBLE DEBENTURE

</div>

US$833,333                                                                January 1, 2006

FOR VALUE RECEIVED, DOUGLAS MACHINE & TOOL COMPANY, INC., a Delaware corporation (the "Company"), unconditionally promises to pay to the order of Subhan Khan (the "Holder"), having an address at 4339 MacKenzie Ct., Mason, Ohio 45040, at such address or at such other place as may be designated in writing by the Holder, or its permitted assigns, the aggregate principal sum of Eight Hundred Thirty-Three Thousand Three Hundred Thirty-Three United States Dollars ($833,333), together with interest from the date set forth above on the unpaid principal balance of this 6 ½ % Senior Subordinated Convertible Debenture (the "Debenture") outstanding at a rate equal to six-and-one-half percent (6 ½ %) (computed on the basis of the actual number of days elapsed in a 360-day year) per annum and continuing on the outstanding principal until this Debenture is either (A) converted into Common Stock as provided herein, or (B) indefeasibly and irrevocably paid in full by the Company.

1. **Payments of Principal and Interest.** Interest on this Debenture is payable semi-annually on the last day of June and December of each year (each, an "Interest Payment Date"), commencing on June, 2006, to the Holder of record on the immediately preceding June 15, or December 15, as applicable. Subject to the other provisions of this Debenture, the principal of this Debenture and all accrued and unpaid interest hereon will mature and become due and payable on December 31, 2011(the "Stated Maturity Date"). Except as provided herein, all payments of principal and interest by the Company under this Debenture will be made in United States dollars in immediately available funds to an account specified by the Holder.

2. **Company Debentures.** This Debenture is one of a series of Debentures (the "Company Debentures") of like tenor in an aggregate principal amount of Fifteen Million Two Hundred Eight Thousand Three Hundred Thirty-Three dollars ($15,208,333) issued by the Company.

3. **Conversion Right.**

(a) From and after the date hereof until the Stated Maturity Date, the Holder has the right, in its sole discretion, to convert all or any portion of the outstanding principal amount then-outstanding hereunder (the "Conversion Right"), into such number of shares of Common Stock of the issuer, as shall be obtained by dividing the sum of the outstanding principal amount by $100, subject to adjustment as provided below in Section 4 (the "Conversion Price").

(b) The Holder shall be entitled to exercise the Conversion Right from time to time as to the unconverted portion of this Debenture upon at least 10 days' prior written notice to the Company. Within 10 days of the conversion date specified in such notice, the Company shall issue appropriate stock certificates to Holder representing the aggregate number of shares of Common Stock due to Holder as a result of such conversion.

4. **Anti-dilution and Other Rights of Holders.**

(a) <u>Below Market Issuances; Stock Splits; Dividends.</u> If at any time while there is any outstanding principal amount then-outstanding hereunder the Company shall:

(i) issue or sell any shares of Common Stock at a price below the then-current Fair Market Value per share (as defined below), the Conversion Price in effect immediately prior to each such issuance shall forthwith (except as otherwise provided in this Section 4) be adjusted to a price equal to a price determined by multiplying such Conversion Price by a fraction, the numerator of which shall be the sum of (w) the number of shares of Common Stock deemed outstanding (as defined below) immediately prior to such issuance, and (x) the number of shares of Common Stock that the aggregate consideration received by the Company for such issuance would purchase at such Conversion Price; and the denominator of which shall be the sum of (y) the number of shares of Common Stock deemed outstanding (as defined below) immediately prior to such issuance and (z) the number of additional shares of such Common Stock so issued or sold; for purposes hereof, "Common Stock deemed outstanding" as of a given date shall be the sum of (A) the number of shares of Common Stock actually outstanding, (B) the number of shares of Common Stock into which the then outstanding shares of preferred stock could be converted if fully converted on the day immediately preceding the given date, and (C) the number of shares of Common Stock which could be obtained through the exercise or conversion of all other rights, options and convertible securities outstanding on the day immediately preceding the give date. For purposes hereof, "Fair Market Value" shall mean (x) the closing price on the business day prior to such determination on the principal national securities exchange on which the Common Stock is traded, if any, (y) the last quoted price on the business day prior to such determination if the Common Stock is traded on the Nasdaq National Market or Nasdaq SmallCap Market, or (z) if the Common Stock is not listed on a national securities exchange or traded on the Nasdaq National Market or the Nasdaq SmallCap Market, then as determined in good faith by the Company's Board of Directors and reasonably agreed to by Holder; *provided, however*, that the Company may issue, without triggering the foregoing provisions of this paragraph (A) shares of Common Stock upon conversion of any preferred stock; (B) shares of Common Stock and/or options pursuant to the Company's stock option plan, warrants or other Common Stock purchase rights, and the Common Stock issued pursuant to such options, warrants or other rights (as adjusted for any stock dividends, combinations, splits, recapitalizations and the like) after the date hereof to employees, officers or directors of, or consultants or advisors to the Company or any subsidiary pursuant to stock purchase or stock options plans or other arrangements that are approved by the Company's Board of Directors and stockholders; (C) shares of Common Stock pursuant to the exercise of options, warrants or convertible securities outstanding as of the date hereof; (D) shares of Common Stock and/or options, warrants or other Common Stock purchase rights, and the Common Stock issued pursuant to such options, warrants or other rights issued for consideration other than cash pursuant to a merger, consolidation, acquisition or similar business combination approved by the Company's Board of Directors; and (E) shares of Common Stock pursuant to any equipment leasing arrangement, or debt financing from a bank or similar financial institution approved by the Company's Board of Directors so long as such issuance is ancillary to and not the principal portion of such transaction;

(ii) fix a record date for the effectuation of a split or subdivision of the outstanding shares of Common Stock or the determination of holders of Common Stock entitled to receive a dividend or other distribution payable in additional shares of Common Stock or other securities or property or rights convertible into, or entitling the holder thereof to receive directly or indirectly, any of the foregoing (hereinafter referred to as "Common Stock Equivalents") without payment of any consideration by such holder for the additional shares of Common Stock or the Common Stock Equivalents (including the additional shares of Common Stock or other securities or property issuable upon conversion or exercise thereof) or with payment that is less than the lower of (x) the then-Fair Market Value of the Common Stock (including, in the case of Common Stock Equivalents, on an as-converted basis) and (y) the Conversion Price then in effect, then and in each case, the Conversion Right shall be for, in addition to the number of shares of the Common Stock otherwise deliverable upon exercise of the Conversion Right, and without adjustment to the Conversion Price, the amount of such additional shares of Common Stock and any Common Stock Equivalents that the holder hereof would have received or become entitled to receive on the same terms and conditions as if such holder had been a holder of record of such Common Stock as shall have been deliverable immediately prior to such record date pursuant to the terms of this Section 4.

2

(b) <u>Decrease in Common Stock Outstanding</u>. If the number of shares of Common Stock outstanding at any time is decreased by a combination of the outstanding shares of Common Stock, then, following the record date of such combination, the Conversion Price shall be appropriately increased so that the number of shares of Common Stock issuable on conversion hereof shall be decreased in proportion to such decrease in outstanding shares.

(c) <u>Additional Rights</u>. The following provisions shall apply for purposes of this Section 4:

(i) the aggregate maximum number of shares of Common Stock or other amount of securities or property issuable or deliverable as the case may be, or delivered upon conversion or exercise of Common Stock Equivalents (assuming the satisfaction of any conditions to convertibility or exercisability, including, without limitation, the passage of time, but without taking into account potential antidilution adjustments) shall be deemed to have been issued or delivered at the time such Common Stock Equivalents were issued;

(ii) in the event of any change in the number of shares of Common Stock deliverable or in the consideration payable to the Company upon conversion or exercise of such Common Stock Equivalents including, but not limited to, a change resulting from the antidilution provisions thereof, the Conversion Price, to the extent in any way affected by or computed using such Common Stock Equivalents, shall be recomputed to reflect such change, but no further adjustment shall be made for the actual issuance of Common Stock or any payment of such consideration upon the exercise of any such options or rights or the conversion or exchange of such securities; and

(iii) upon the termination or expiration of the convertibility or exercisability of any such Common Stock Equivalents, the Conversion Price, to the extent in any way affected by or computed using such Common Stock Equivalents, shall be recomputed to reflect the issuance of only the number of shares of Common Stock (and Common Stock Equivalents which remain convertible or exercisable) actually issued upon the conversion or exercise of such Common Stock Equivalents.

(d) <u>No Impairment</u>. The Company will not, by amendment of its Certificate of Incorporation, any certificate of designations or bylaws, or through any reorganization, recapitalization, transfer of assets, consolidation, merger, dissolution, issue or sale of securities or any other voluntary action, avoid or seek to avoid the observance or performance of any of the terms to be observed or performed hereunder by the Company, but will at all times in good faith assist in the carrying out of all the provisions of this Section 4 and in the taking of all such action as may be necessary or appropriate in order to protect the rights of Holder against impairment, including having enough authorized shares to permit conversion in accordance with Section 4.

(e) <u>Notice of Adjustments</u>. Whenever the consideration issuable upon a conversion hereunder shall be changed pursuant to this Section 4, the Company shall prepare a certificate setting forth, in reasonable detail, the event requiring the change and the kind and amount of shares of stock and other securities, money and property subsequently issuable upon a conversion hereof. Such certificate shall be signed by Company's chief financial officer and shall be delivered to Holder.

(f) <u>Fractional Shares; Rounding</u>. No fractional shares of Common Stock will be issued in connection with any exercise hereunder, but in lieu of such fractional shares the Company shall make a cash payment therefor based on the applicable Conversion Price. All calculations under this Section 4 shall be made to the nearest cent or to the nearest one-hundredth of a share, as the case may be.

5. Events of Default. The occurrence of any of the following events shall constitute an event of default (an "Event of Default"):

(a) <u>Non-Payment of Principal</u>. A default in the payment of the principal amount of this Debenture, when and as the same shall become due and payable;

(b) <u>Non-Payment of Interest</u>. A default in the payment of any accrued and unpaid interest on this Debenture, when and as the same shall become due and payable;

3

(c) Material Breach. A material breach by the Company of its obligations under this Debenture, which breach remains uncured for a period of 30 days, after receipt of written notice thereof by Holder;

(d) Judgments. A final judgment or judgments for the payment of money in excess of $250,000 in the aggregate at any time are outstanding against Company (which judgments are not covered by insurance policies as to which liability has been accepted by the insurance carrier), and the same are not, within 60 days after the entry thereof, discharged or execution thereof stayed or bonded pending appeal, or such judgments are not discharged prior to the expiration of any such stay;

(e) Insolvency. The Company is unable to pay its debts as they become due;

(f) Cessation of Business. The Company ceases wholly or substantially to carry on its business for a period of more than 45 days, other than for the purpose of a reconstruction, without the prior written consent of the Holder (such consent not to be unreasonably withheld); or

(g) Appointment of Receiver, etc. The appointment of a liquidator, receiver, administrator, examiner, trustee or similar officer of the Company or over all or substantially all of its assets under the law and such condition continues for 45 days or more.

## 6. Remedies in the Event of Default.

(a) Acceleration. In the case of any Event of Default by the Company, the Holder may in its sole discretion demand that the aggregate amount of funds advanced to the Company under this Debenture and outstanding hereunder and accrued and unpaid interest thereon shall, in addition to all other rights and remedies of the Holder hereunder and under applicable law, be and become immediately due and payable upon written notice delivered by the Holder to the Company. Notwithstanding the preceding sentence, the rights of the Holder as set forth in Sections 4 and 5 hereunder shall survive any such acceleration and payment, as to the then outstanding balance due under this Debenture.

(b) Waiver of Demand, Presentment, etc. The Company hereby waives demand and presentment for payment, notice of nonpayment, protest and notice of protest, diligence, filing suit, and all other notice and promises to pay the Holder its reasonable costs of collection of all amounts due hereunder, including reasonable attorneys' fees.

(c) Default Interest Rate. In the case of any Event of Default under this Debenture by the Company, this Debenture shall continue to bear interest after such default at the interest rate otherwise in effect hereunder plus 3% per annum (but in any event not in excess of the maximum rate of interest permitted by applicable law).

## 7. Voting Rights.

This Debenture shall not entitle the Holder to any voting rights or other rights as a stockholder of the Company prior to its conversion.

## 8. Security.

The payment of this Debenture and all interest hereunder is secured by a Security Agreement of even date, the terms and provisions of which are incorporated herein by this reference.

## 9. Miscellaneous.

(a) Binding Effect. This Debenture and all of the provisions hereof shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. All or any part of this Debenture may be assigned or transferred by the Holder and its permitted assigns and transferees to their respective affiliates and subsidiaries, as well as any special purpose financing or similar vehicle established by the Holder. Other than as

4

set forth above, no party shall assign or transfer all or any part of this Debenture, or any interest therein, without the prior written consent of the other party.

(b) _Notices._ All notices, demands and requests of any kind to be delivered to any party in connection with this Debenture shall be in writing and shall be deemed to have been duly given if personally or hand delivered or if sent by an internationally-recognized overnight delivery courier or by registered or certified mail, return receipt requested and postage prepaid, or by facsimile transmission addressed as follows:

> if to the Company:
>
> Douglas Machine & Tool Company, Inc.
> 10400 Evendale Drive
> Cincinnati, Ohio 45241
> Attn.: Leslie B. Daniels
> Facsimile: (212) 319-0232
>
> if to Holder:
>
> Subhan Khan
> 4339 MacKenzie Ct.
> Mason, Ohio 45040
> Facsimile: (513) 563-9695

or to such other address as the party to whom notice is to be given may have furnished to the other party hereto in writing in accordance with provisions of this Section 8. Any such notice or communication shall be deemed to have been effectively given (i) in the case of personal or hand delivery, on the date of such delivery, (ii) in the case of an internationally-recognized overnight delivery courier, on the second business day after the date when sent, (iii) in the case of mailing, on the fifth business day following that day on which the piece of mail containing such communication is posted and (iv) in the case of facsimile transmission, the date of telephone confirmation of receipt.

(c) _Amendment._ This Debenture may not be modified or amended, or any of the provisions hereof waived, except by written agreement of the Company and the Holder dated after the date hereof.

(d) _Law and Jurisdiction._ This Debenture shall be governed by and construed in accordance with the internal laws of the State of New York, without giving effect to principles of conflicts of laws. Any dispute under this Debenture that is not settled by mutual consent shall be finally adjudicated by any federal or state court sitting in the City, County and State of New York, and the Company consents to the exclusive jurisdiction of such courts (or any appellate court therefrom) over any such dispute.

(e) _Facsimiles._ This Debenture may be executed and delivered to the Holder by a facsimile transmission; such transmission shall be deemed a valid signature.

[Signature Page Follows]

5

The Company has executed and delivered this Debenture on the date first above written.

DOUGLAS MACHINE & TOOL COMPANY, INC.

By: _____

Name: ___DAVID H. ROWE___

Title: ___President___

«CL2:266130_v1»

6



D78588362

ENTER

MAY 2 9 2008

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

DENNIS S. HELMICK, Judge

5/29/08

SUBHAN KHAN,

Plaintiff,

vs

DOUGLAS MACHINE & TOOL
COMPANY, INC., et al.,

Defendants.

Case No : A0800512

(Judge Dennis Helmick)

ENTRY

ENTERED
MAY 2 9 2008

COURT OF COMMON PLEAS
ENTER                    5/29/08

HON. DENNIS S. HELMICK
THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

This matter came on for decision upon Defendants' Motion to Stay or, In the Alternative,

Dismiss Case for Improper Venue and the Court having considered the memoranda and oral

arguments of counsel and being fully advised in the premises, hereby

ORDERS that Defendants' Motion be, and the same hereby is, GRANTED and this case is

stayed for sixty (60) days pending refiling of this case in any federal or state court which is located

in the City, County and State of New York.

Honorable Dennis Helmick

Richard T Lauer    /by emfolk
                    /per
                    /authorized/
                    5-29-08

Richard T Lauer
James M Kelly
ROBBINS, KELLY, PATTERSON & TUCKER
7 West Seventh Street, Suite 1400
Cincinnati, Ohio 45202

*Attorneys for Plaintiff*

Mark S Kakun  /try agen

Mark Skakun (0023475)
Clay Keller (0072927)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
4518 Fulton Drive, N W
P O. Box 35548
Canton, Ohio 44735-5548

Richard M Goehler (0009160)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182

*Attorneys for Defendants*

CINLibrary 0113390.0553186 1851609v1

# SUBHAN KHAN
## 4339 MacKenzie Court
## Mason, Ohio 45040

June 18, 2007

VIA OVERNIGHT MAIL &
FACIMILE (212) 319 - 0232

Douglas Machine & Tool Company, Inc.
Attn: Leslie B. Daniels
10400 Evendale Drive
Cincinnati, Ohio 45241

RE:    NOTICE OF DEBENTURE DEFAULT

Dear Mr. Daniels:

I hereby put Douglas Machine & Tool Company, Inc., a Delaware corporation (the "Company"), on notice that it is in default of the 6½% Senior Convertible Debenture, dated January 1, 2006, and issued to me, in the principal amount of $833,333.00.

The basis of the default is that the Company has failed to pay interest that was due on July 1, 2006 and December 31, 2006 (paragraph 5(b)).  There may be additional defaults of the Company of which I am currently unaware.  I reserve the right to provide the  Company with additional reasons for its default, if necessary.

As a result of the default, the Debenture is earning interest at the default interest rate of 9 ½% as of July 1, 2006.

I am notifying the Company that it is in default and that I am, under paragraph 6(a) of the Debenture, accelerating payment and declaring the entire principal  and all accrued and unpaid interest immediately due and payable.

The Debenture also provides that the Company is responsible  for  collection costs, including reasonable attorney fees, for which I  also make demand.


Sincerely,

Subhan Khan

Subhan Khan

cc:    David Kern, Esq.
        Buckingham Doolittle & Burroughs
        3800 Embassy Parkway
        Suite 300
        Akron, Ohio 44333
        VIA FACSIMILE (330) 258-6559

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. _____

================================================

SUBHAN KHAN,

Plaintiff,

-against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

Defendants.

================================================

## SUMMONS AND VERIFIED COMPLAINT

================================================

Vail & Schneider, P.C.
Attorneys for Plaintiff
275 Madison Avenue, Suite 1100
New York, NY 10016
Telephone: 212-697-0808

================================================

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SUBHAN KHAN.

              Plaintiff.

      -against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

             Defendants.

INDEX NO. 109280/08

**PROOF OF**
**SERVICE BY MAIL**

[No Assigned Part]

      JOHN R. FOSTER, an attorney admitted to practice in the courts of the State of New York and not a party to this action. affirms pursuant to CPLR 2106 that the following is true under the penalties of perjury:

      On August 12, 2008, I served a true and correct copy of the annexed Notice of Removal to Federal Court upon Vail & Schneider PC. Attorneys for the Plaintiff, at their offices at 275 Madison Ave., Suite 1100, New York, NY 10016, being the address designated by these Attorneys for service by mail, by depositing a true copy of same enclosed in a properly sealed and addressed wrapper, with first-class postage thereon fully prepaid, in an official depository located within the State under the exclusive care and custody of the United States Postal Service.

Dated: August 12, 2008

                              _____
                                  John R. Foster

Index No. 109280/08     [No Assigned Part]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

SUBHAN KHAN,

Plaintiff,

-against-

DOUGLAS MACHINE & TOOL COMPANY, INC.,
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

Defendants.

---

**NOTICE OF REMOVAL TO FEDERAL COURT**

Waesche, Sheinbaum & O'Regan, PC
111 Broadway, Suite 401
New York, NY 10006
(212) 227-3550