**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for the Defendants
111 Broadway, Suite 401
New York, New York 10006
Telephone: (212) 227-3550
John R. Foster (JF3635)

ECF CASE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SUBHAN KHAN,

                Plaintiff,

-against-

DOUGLAS MACHINE & TOOL COMPANY, INC.
and TURBOCOMBUSTOR TECHNOLOGY, INC.,

                Defendants.

08 Civ. 7093 (RJH)

**ANSWER**

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES**

      TurboCombustor Technology, Inc. (hereinafter "TCT"), for itself and on behalf of Douglas Machine & Tool Company, Inc. (hereinafter "Douglas") as its successor in interest (collectively TCT and Douglas are referred to herein as "the Defendants"), by their attorneys, Waesche, Sheinbaum & O'Regan, P.C., as and for their Answer to the Plaintiff's Verified Complaint herein, allege, upon knowledge with respect to themselves and their own acts and upon information and belief as to all other matters, as follows:

      1.     With respect to the allegations contained in paragraph 1 of the Verified Complaint, the Defendants admit that the Plaintiff is an individual, but otherwise deny knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, leave Plaintiff to his proofs.

2. With respect to the allegations contained in paragraph 2 of the Verified Complaint, the Defendants admit that Douglas was a corporation organized under the laws of the State of Delaware and that it had a place of business at 10400 Evendale Drive, Cincinnati, Ohio, but otherwise deny the truth of the remaining allegations of this paragraph.

3. With respect to the allegations contained in paragraph 3 of the Verified Complaint, the Defendants admit that TCT is and at all material times hereto was a corporation organized and existing under the laws of the State of Delaware, but otherwise deny the truth of the remaining allegations of this paragraph.

4. With respect to the allegations contained in paragraph 4 of the Verified Complaint, this paragraph contains assertions of law as to which no response is necessary; however, to the extent that an answer is required, the Defendants admit the existence of a document entitled "6-1/2% Senior Convertible Debenture" (hereinafter "the Debenture"), a copy of which is annexed to the Verified Complaint as Exhibit A, the terms of which speak for themselves, but otherwise deny the truth of the remaining allegations of this paragraph.

5. With respect to the allegations contained in paragraph 5 of the Verified Complaint, the Defendants admit the truth of such allegations.

6. With respect to the allegations contained in paragraph 6 of the Verified Complaint, the Defendants admit that on or about January 1, 2006, Douglas issued to Plaintiff the Debenture in the amount of $833,333, but otherwise deny the truth of the remaining allegations of this paragraph.

7. With respect to the allegations contained in paragraph 7 of the Verified Complaint, the Defendants admit that the Debenture has terms concerning periodic payments and

default, the terms of which speak for themselves, but otherwise deny the truth of the remaining allegations of this paragraph.

8. With respect to the allegations contained in paragraph 8 of the Verified Complaint, the Defendants admit that no interest has been paid under the Debenture, but otherwise deny the truth of the remaining allegations of this paragraph.

9. With respect to the allegations contained in paragraph 9 of the Verified Complaint, the Defendants admit that the Plaintiff sent a letter, a copy of which is attached as Exhibit C to the Verified Complaint, the terms of which letter speak for themselves, but otherwise deny the truth of the remaining allegations of this paragraph.

10. With respect to the allegations contained in paragraph 10 of the Verified Complaint, the Defendants admit that no payments have been made under the Debenture, but otherwise deny the truth of the remaining allegations of this paragraph.

11. With respect to the allegations contained in paragraph 11 of the Verified Complaint, the Defendants admit that on or about August 29, 2007, Douglas merged with TCT, but otherwise deny the truth of the remaining allegations of this paragraph.

12. With respect to the allegations contained in paragraph 12 of the Verified Complaint, the Defendants admit that as a result of such merger TCT assumed various rights and obligations of Douglas, including the obligations of Douglas under the Debenture, but otherwise deny the truth of the remaining allegations of this paragraph.

13. With respect to the allegations contained in paragraph 13 of the Verified Complaint, the Defendants deny the truth of such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

14. Plaintiff's Verified Complaint should be dismissed as to Douglas because the corporation no longer exists.

### SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's claim against the Defendants cannot lie, as a matter of law, because a condition precedent in the relevant agreements has failed to occur, which condition was absolutely necessary to any recovery sought in this matter.

### THIRD AFFIRMATIVE DEFENSE

16. Plaintiff's own wrongful conduct and/or breach of contract bars his claim for relief against the Defendants.

### FOURTH AFFIRMATIVE DEFENSE

17. Plaintiff is barred from obtaining any relief insofar as Plaintiff has filed the Verified Complaint in violation of provisions set forth in the Intercreditor Agreement and/or Subordination Agreement.

### FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff is barred from the recovery of any damages because Defendants are entitled to set-off.

-5-

## SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff is not entitled to any of the relief requested because Plaintiff has failed to exercise his contractual rights and/or mitigate his alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff is barred from obtaining any of the relief requested based upon the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

21. Plaintiff's Verified Complaint is barred by the doctrines of waiver, estoppel, and/or laches.

WHEREFORE, the Defendants demand judgment as follows:

1. Dismissing the Verified Complaint, together with the costs and reasonable attorneys fees incurred in this proceeding; and
2. For such other and further relief as this Court deems just and proper under the circumstances.

Dated:  New York, New York
         September 4, 2008

**Waesche, Sheinbaum & O'Regan, P.C.**
Attorneys for the Defendants

By: /s/ John R. Foster
John R. Foster
Attorney ID: JF3635
111 Broadway, Suite 401
New York, NY 10006
(212) 227-3550


Of Counsel:

Mark J. Skakun, III, Esq.
Clay K. Keller, Esq.
Buckingham, Doolittle & Burroughs, LLP
3800 Embassy Parkway, Suite 300
Akron, OH 44333
Tel: (330) 376-5300